[No. 9,352.   Department Two. — March 3, 1884.]

G. W. CLARK ET AL., PETITIONERS, v. P. O. HUNDLEY, JUDGE OF THE SUPERIOR COURT OF BUTTE COUNTY, RESPONDENT.

DISMISSAL — ANSWER — AFFIRMATIVE RELIEF. — When a defendant in his answer avers matters growing out of the matters set forth in the complaint upon which he seeks affirmative relief, the plaintiff cannot dismiss the action upon his own motion, and without the consent of the defendant.

PETITION for a writ of mandate to compel the judge of a Superior Court to proceed to hear and determine a cause.

The facts are stated in the opinion of the court.

*George Cadwalader*, for Petitioners.

*J. D. Goodwin*, for Respondent.

MYRICK, J. — This is an application for a writ of mandate requiring the respondent, as judge, and the court in which he presides, to proceed with the trial of a case.   Eleanor Murdock, as administratrix of her deceased husband, commenced an action against the petitioners herein, as defendants, for an accounting, by reason of matters set forth in her complaint, and to obtain a decree that the said defendants convey to her certain real estate which had been conveyed to them by plaintiff's intestate, as security for certain moneys; alleging that the amounts received by the defendants, and the value of use and occupation, were sufficient to pay off the indebtedness.   The defendants answered, averring further advances and the payment of expenses by them of more than the amounts received, claiming a balance and the original amount loaned to be still due, and asked for an accounting, and that the real estate, conveyed as security as above mentioned, be sold to satisfy the amount due them.   This action was pending in the court in which the respondent presides.   While so pending, and before October 10, 1883, the cause was set down for trial, on the 29th of October, 1883.   On said 10th of October the plaintiff's attorney filed with the clerk a paper in which it was stated that "the plaintiff dismisses the above-entitled action at the costs of said plaintiff, and the clerk of said court is hereby requested to enter such dismissal in his register of said

actions." He also filed another paper in which he moved the court to dismiss the action at plaintiff's cost without prejudice. Notice of the motion was given, and a hearing thereon was had October 18th, and denied. No order for or relating to the dismissal appears on the register, but in the blotter are entries of items of clerk's costs, including the papers above referred to. On the 29th of October, the day on which the cause had been set down for trial, the parties appeared by counsel, and the plaintiff objected to the trial of the cause proceeding, on the ground that she had dismissed the action by filing the papers first above referred to. The court declined to proceed with the trial for the reason that the action of the plaintiff had dismissed the suit, and there was no cause pending before the court.

We are of opinion that the plaintiff did not, and that she could not, dismiss the action of her own motion. The defendants had averred matter upon which they sought affirmative relief—growing out of the actions set forth in the plaintiff's complaint. (See subd. 1, § 581, Code Civ. Proc.)

Let the writ issue as prayed for.

Sharpstein. J., and Thornton, J., concurred.

Hearing in Bank denied.