[No. 9,118.   In Bank. — May 20, 1884.]

# J. P. ROBINSON, APPELLANT, *v.* THE PLACERVILLE AND SACRAMENTO VALLEY RAILROAD COMPANY ET AL., RESPONDENTS.

65  263
82  415
65  263
95  348
65  263
132  436

PLEADING — PAYMENT — SATISFACTION AND DISCHARGE. — An averment in an answer that certain bonds of the defendant which were the subject-matter of the action had been "paid, satisfied, and discharged," is sustained by proof that the plaintiff received from a third party a sum less than the face of the bonds, under an agreement that he would deliver them up for cancellation.

ID. — FINDINGS. — A judgment will not be reversed for a failure to find on one of the issues in the pleadings, when it is apparent that the judgment would have been the same if the finding had been in favor of the appellant.

PRACTICE — STIPULATION — DEPOSITIONS. — When it has been stipulated by counsel that certain depositions may be read in evidence at the trial, the parties are bound by the stipulation.

DISMISSAL OF ACTION. — Under the provisions of section 581 of the Code of Civil Procedure, a plaintiff cannot dismiss an action upon his own motion, where the defendant by his answer claims affirmative relief.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The object of the action was to remove the defendants, Barney and McLane, from the office of trustees of an alleged trust. The plaintiff averred that he was the holder of certain bonds of the defendant, the Placerville and Sacramento Valley Railroad, secured by a mortgage of the property of the corporation to Barney and McLane, as trustees for the bondholders, and that they had failed to discharge the duties of the trust. The answer contained an averment that the bonds held by plaintiff "were paid, satisfied, and discharged." The answer asked as affirmative relief that the bonds be delivered up and cancelled, or in default of such delivery be declared void.

At the trial exceptions were taken to the reading of certain depositions, upon various grounds. A stipulation in writing had been made by the attorneys that the depositions "were duly and properly taken at the proper times and places, and upon proper adjournments by and before officers authorized to take the same," waiving the certificates required by law, and agreeing that they might be read by either party at the trial. The other facts sufficiently appear in the opinion of the court.

*Edward J. Pringle,* for Appellant, contended among other things that the court erred in admitting in evidence the depositions, as much of the matter was secondary and hearsay testimony, and cited *Peabody* v. *Phelps,* 9 Cal. 213; *Bryan* v. *Swain,* 56 Cal. 616; Civ. Code, § 1625; Code Civ. Proc. § 1856·

*McAllister & Bergin,* and *Cope & Boyd,* for Respondent, in reply to this point, contended that the depositions were admissible under the stipulation, and cited *Schutte* v. *Thompson,* 15 Wall. 159; *Harris* v. *Wall,* 7 How. 705; *Morse* v. *Cloyes,* 11 Barb. 100; *Ward* v. *Whitney,* 4 Seld. 445; *Churchill* v. *Carter,* 15 Hun, 385; 20 Ala. 234; 1 W. Va. 100; *Himmelman* v. *Sullivan,* 40 Cal. 126; *Keyes* v. *Warner,* 45 Cal. 60.

The COURT. — 1. It would seem to be the theory of plaintiff, the appellant, that the conveyance by *Alvord* transferred only the title acquired through the decretal sale based upon the foreclosure of the second mortgage; that is, the title of defendant subject only to the lien of the prior mortgage.    Inasmuch as the original scheme fell through, by reason of the failure effectively to organize a new corporation, it may, for the puposes of this decision, even be conceded that Wells, Fargo & Co., the second mortgagee, would have been entitled to receive the whole consideration for the conveyance of the *Alvord* title, except for the agreement with respect to its distribution, entered into between Wells, Fargo & Co., and the agent of plaintiff.

The testimony of plaintiff's brother is clear to the point that a large portion of the consideration for the *Alvord* title was paid to him with the consent of Wells, Fargo & Co., to be by him appropriated, in the proportions stated in the circular of Wells, Fargo & Co., to the payment and satisfaction of such of the currency bonds of defendant as should be surrendered for cancellation.    A portion of the consideration was in fact paid to the witness on his promise to apply the same to the taking up of the currency bonds.    Of the money so received, the witness paid to plaintiff a sum at least equal to the percentage or proportion to be paid for the surrender of the bonds claimed by him.    True, the witness testifies that in his opinion the agreement between himself and Wells, Fargo & Co. "was not binding on anybody," and that plaintiff refused to take the money for his bonds.    But

the witness and plaintiff, each in turn, *took the money,* the latter with full knowledge of all the facts; and with notice that the agreement with Wells, Fargo & Co. was binding on the witness, because he received the money (having otherwise no claim to it) with the distinct understanding that it should be applied to the satisfaction of defendant's bonds. We think the court below was fully justified in reaching the conclusion upon the testimony of plaintiff's brother alone, that plaintiff received the money for and in consideration of the surrender and cancellation of his bonds.

But there was evidence not only that plaintiff, by his agent, receipted for his proportionate number of shares of the new corporation, but that he actually surrendered his bonds to Wells, Fargo & Co. Further, that when the arrangement was made, whereunder a portion of the consideration for the sale of the *Alvord* title was to be paid to the brother of plaintiff, to be by him distributed among the holders of such of the currency bonds as should be surrendered for cancellation, the bonds here sued for, with others, were delivered to him for the purpose of enabling him to make out a statement of the several sums to be paid to the respective holders of blocks of currency bonds, with the understanding and agreement that they should be returned to Wells, Fargo & Co., to be destroyed when they were taken up by payment of the money.

2. Counsel for plaintiff has ingeniously separated the answer of defendant into parts, calling one portion a plea of "accord and satisfaction," and another portion a plea of "payment." But the suit is in equity, and the facts on which defendant relied were proved by testimony to which objection was not taken. The meaning of the answer is sufficiently plain. The defendant relied upon an alleged surrender of the bonds sued on by the owner of them, and an acceptance by him of stock in the new corporation, and also upon the acceptance by the owner of such bonds, of moneys, part of the proceeds of the sale of the *Alvord* title, for his bonds. If it be conceded that defendant was mistaken in supposing the surrender of the bonds for stock of the new corporation to have satisfied the bonds (because of failure in the organization of the new corporation), and was mistaken in supposing that the acceptance of the distributive share of the

proceeds of the *Alvord* title was in "further," and not in *entire* satisfaction of the bonds, these supposed erroneous conclusions of law on the part of defendant do not affect the legal consequences of the facts alleged in the answer. If the last fact stated constituted a defense, it is no objection that the first is also stated; indeed they were so far connected that an intelligent appreciation of the relations of the parties is facilitated by a recital of both.

3.   It is urged that the plea of "payment" is not sustained by the evidence, because a part payment could not legally operate to extinguish plaintiff's bonds.   The answer does not allege a technical "payment" by defendant, but that the bonds were *paid, satisfied, and discharged,* as the result of the facts averred. If the bonds were to be returned to Wells, Fargo & Co., upon the acceptance by plaintiff of a distributive share of the proceeds of the *Alvord* sale, to be destroyed by Wells, Fargo & Co., they were in effect to be assigned to that corporation, which was to receive them as assignee, subject to the trust that they should be destroyed for the benefit of defendant.   Defendant was authorized to assert its beneficial interest in the contract between plaintiff and Wells, Fargo & Co., and we know of no equitable principle which would inhibit a third person from buying in claims against a debtor, for less than their face value, for the benefit of the debtor.

4.   Appellant says the findings are insufficient, because there is no finding as to the ownership of the bonds.   But it is alleged in the complaint that the bonds herein named belonged to plaintiff.   It may be conceded that a finding on that issue must have been in favor of plaintiff.   No injury was done plaintiff by the failure to find on the issue, because the result would have been the same if the finding had been in his favor.

5.   The answer claimed affirmative relief, and the plaintiff was not authorized to dismiss his action.  (Code Civ. Proc. § 581.)

6.   The depositions were admissible under the stipulation.

Judgment and order affirmed.