[No. 13128.   Department One. — January 2, 1890.]

82   413
89   326
82   413
91   313

## S. H. MOTT, RESPONDENT, *v.* E. ALICE. MOTT, APPELLANT.

DIVORCE — BREACH OF CONTRACT — STATUS OF MARRIAGE — PLEADING — CROSS-COMPLAINT — DISMISSAL. — An action for a divorce, being based upon the violation of some duty or obligation imposed by the contract of marriage, although that contract create the *status* of matrimony to which the duties or obligations are annexed, is nevertheless an action upon contract, within the meaning of section 442 of the Code of Civil Procedure, which provides for the filing of a cross-complaint seeking affirmative relief; and when such cross-complaint is filed and is complete and distinct in all its parts, entitling the defendant to affirmative relief, the action cannot be dismissed by the plaintiff without consent of defendant.

ID. — SETTLEMENT OF PROPERTY RIGHTS UNDER CROSS-COMPLAINT. — The settlement of property rights is incident to every action of divorce, when there is any property involved, and such settlement may be sought in the cross-complaint as well as in the original complaint.

ID. — AMENDED COMPLAINT — FALL OF COMPLAINT — EFFECT UPON CROSS-COMPLAINT. — An amended complaint only supersedes the pleadings founded upon the original complaint, and does not effect a cross-complaint or the issues joined thereon, nor does the cross-complaint fall with the fall of plaintiff's complaint, when a demurrer is sustained thereto, and there is a failure or refusal to amend.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Wells, Guthrie & Lee,* and *Houghton, Silent & Campbell,* for Appellant.

*Anderson, Fitzgerald & Anderson, F. H. Howard,* and *Smith, Winder & Smith,* for Respondent.

Fox, J.—Plaintiff filed his complaint against the defendant for divorce, on the ground of extreme cruelty and desertion. In due time defendant answered, denying all the allegations of cruelty and of desertion, and at the same time filed a cross-complaint, full in all its forms, and containing allegations showing a good ground for affirma-

tive relief against the plaintiff, and also showing that the plaintiff had come into the possession of a considerable sum of money, the separate property of defendant, which he had never repaid to her, and asking, by way of affirmative relief, that plaintiff be required to pay her permanent alimony and support, and to provide funds for her counsel fees and costs of suit, but does not pray in direct terms for divorce, although she does ask for "such other and further relief as to the court may seem proper and just in this behalf." In due time plaintiff answered to this cross-complaint, putting in issue all the allegations thereof as made against himself; and subsequently, by leave of the court, filed an amended complaint on his own behalf against the defendant. To this amended complaint the defendant demurred. When the demurrer came on for hearing, the plaintiff confessed the demurrer, and on his confession the same was sustained, with leave to plaintiff to file a second amended complaint within ten days. This the plaintiff failed, and subsequently formally declined, to do. Afterward the defendant filed and served a petition for an increase of alimony *pendente lite* (an order having been made at an earlier stage in the proceedings allowing her thirty-five dollars per month), when plaintiff objected in writing to the hearing thereof, claiming to appear specially for that purpose, setting up as the ground of his objection that, by reason of the order sustaining the demurrer to his amended complaint, and of his refusal to file a second amended complaint, "the said action has been, and is by reason of the premises, dismissed, and is not, and has not been since the expiration of said ten days, a pending action, and said defendant is not in court for any purposes of said action." Upon the hearing and consideration of this petition, and the objection so made thereto, the court held that "the cause is not now pending, and the court has no jurisdiction of the plaintiff"; to which ruling the defendant excepted.

Six months afterward the plaintiff, upon notice to the defendant's counsel, applied to the court "to enter up the proper judgment in said action, dismissing the same, consequent upon the refusal of the plaintiff to amend his complaint"; and the court three months later denied said motion. Seven months later the cause came up regularly on the calendar for trial, when the plaintiff moved that it be stricken from the calendar, on the ground that there was no such cause pending in the court; that it had been theretofore adjudicated "that the cause is not pending in this court," and that "if this suit is still pending there is no issue joined." This motion was granted by the court, and thereupon plaintiff's counsel moved the court to *dismiss the action*, upon which motion it was by the court "ordered, adjudged, and decreed that plaintiff's action herein be dismissed, and the same be hereby finally dismissed, and that the defendant have her execution for her costs in this behalf expended"; to which ruling and decision the defendant by her counsel excepted. Upon this order judgment of dismissal was duly entered, and the defendant appeals, the whole case coming up on a bill of exceptions.

The real question on this appeal is, whether the court had the right or power, on the motion of plaintiff, to dismiss the action. The statute upon the subject is found in section 581, Code of Civil Procedure. That section, so far as it has any bearing upon this case, reads: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: 1. By the plaintiff himself at any time before trial, upon payment of costs; *provided*, a counterclaim has not been made, or affirmative relief sought by the cross-complaint or answer of defendant." Under this section, if affirmative relief is sought by the defendant, the plaintiff cannot dismiss. (*Robinson* v. *Placerville & S. V. R. R. Co.*, 65 Cal. 266; *Clark* v. *Hundley*, 65 Cal. 96.) But to prevent such dismissal, the counterclaim or cross-complaint must be one

upon which the defendant would be entitled to affirmative relief. (*Belleau* v. *Thompson,* 33 Cal. 496.)

This leads directly to a consideration of the main point of discussion in this case, whether a defendant in an action for divorce can file a cross-complaint, and upon such cross-complaint secure affirmative relief.

Section 442 of the Code of Civil Procedure provides: "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint."

Counsel for respondent insists, and this seems to be the view adopted by the court below, that an action for divorce does not come within the purview of this section; that it is not an action upon a contract; that the transaction relied upon in the cross-complaint is not the transaction upon which the action is brought; and that it is not an action which relates to property.

In all three of these propositions, so far at least as relates to this case, we think the counsel is mistaken. The action was brought by plaintiff to dissolve the marriage relation. That relation is one arising out of civil contract. (Civ. Code, sec. 55.) That contract is one "by which a man and woman reciprocally engage to live with each other during their joint lives, and to discharge toward each other the duties imposed by law on the relation of husband and wife." (Bouvier's Law Dict., tit. Marriage.) It is a contract of so solemn and binding a nature, and which so affects the public weal, that the consent of the parties alone, even though they are capable of consent, will not constitute marriage, or create the relation of marriage (Civ. Code, sec. 55); but one to which the consent of the state is also required. (*Dyer* v. *Brannock,* 2 Mo. App. 432.) That consent is granted

by statute, upon the condition of solemnization (*Dyer* v. *Brannock*, 2 Mo. App. 432), or of the mutual assumption of marital rights, duties, and obligations. (Civ. Code, sec. 55.) By the contract, the husband and wife bind themselves to "obligations of mutual respect, fidelity, and support." (Civ. Code, sec. 155.)

The object and legal effect of a decree of divorce from the bonds of matrimony, which was the relief sought by the plaintiff in this case, is to annul such a contract and absolve the parties from the duties and obligations which it imposes. How, then, can it be said that it is not an action upon contract? If there is no contract there can be no marriage; if there is no marriage there can be no divorce. In support of the theory of respondent, we are cited to *Haley* v. *Haley*, 74 Cal. 491, a case in which there was no cross-complaint, and the question of the right to file a cross-complaint was not involved, but in which Mr. Justice McKinstry suggests that "it is at least doubtful whether the codes provide for a cross-complaint in actions for divorce," and gives as a reason for the doubt that the action is not brought on the "contract" of marriage, but upon certain violations of duties or obligations annexed to the *status* of matrimony. All that was said in that case on that subject was pure *dicta*, for in the case there was no cross-complaint, and the question was not at all involved. Nothing on the subject was necessary to the decision of the case. And even as argument in support of the doubt expressed, it was speculative and unsatisfactory. Suppose the action is brought "upon certain violations of duties or obligations annexed to the *status* of matrimony,"—the *status* itself depended upon the contract, and without the contract there would have been no such duties or obligations. As in the case of any other kind of contract, the cause of action, if there be one, is not the contract itself, but the violation of some duty or obligation imposed by the contract, which violation constitutes in law a breach of the contract. It is that breach

which gives the cause of action. So here the contract of marriage creates a *status*, as does also a contract of partnership, although a different one, by reason of which the law imposes upon each party to the contract certain duties and obligations, the violation of which constitutes a breach of the contract and gives a cause of action.

In *Coulthrust* v. *Coulthrust*, 54 Cal. 339, this court distinctly recognized the right to file a cross-complaint in an action for divorce, although in that case it reversed a judgment rendered on the cross-complaint, on the ground, not that such relief could not be granted, but that the cross-complaint did not state the necessary facts to give the court jurisdiction.

Again, in *Lowell* v. *Lowell*, 55 Cal. 316, the right was recognized, and a judgment affirmed which had been rendered on the cross-complaint. And incidentally the court has recognized this right in several other cases. Recently, in the case of *Wadsworth* v. *Wadsworth*, 81 Cal. 182, the point was directly involved, and under the constitution had to be passed upon for the guidance of the court below. It was then very carefully considered, and a large number of authorities cited from English and American courts, in support of the decision made, that a cross-complaint may be filed in an action for divorce. We see no reason for doubting the correctness of that decision, and if it was a matter open to doubt, the doubt ought now to be resolved in favor of the rule, for it has been a rule of action in this state so long that not only property rights, but personal relations of husbands, wives, parents, and children are in so many instances dependent upon it, that the consequences of a reversal would be too serious for contemplation.

In view of what has already been said, it is perhaps unnecessary to consider what the respondent says in reference to the fact that the cross-complaint is not upon the transaction upon which the complaint is brought, or that the defendant's cause of action is not one which

affects the property to which the action relates; but we may say briefly, as to the transaction, that one of the grounds upon which the plaintiff brought the action was desertion, and that the cross-complaint refers to and builds upon the same transaction, but sets up facts tending to show that the desertion was on the part of the plaintiff, and not of the defendant. The settlement of property rights between the parties is an incident of every decree for divorce, where there is any property involved. In his complaint the plaintiff prays for such settlement, and in her cross-complaint the defendant also asks the same, and both refer to the same property. Hence it seems to us that in every view of this case the cross-complaint is one authorized by the section of the code quoted.

But it is also claimed that the defendant cannot complain of the dismissal in this case, for that it was entered at her own instance. The record does not so show. It is true that she demurred to plaintiff's amended complaint, and her demurrer was sustained. Since plaintiff refused to amend, that left him with nothing to try as against the defendant; but his answer to her cross-complaint stood, and there was a distinct issue between the parties upon her cross-complaint and the answer thereto, upon which she was entitled to be heard, and to have such relief as the law and the facts would warrant. There is nothing in the proposition of respondent that the amended complaint superseded all other pleadings in the case, and the case cited in support of the proposition (*Thompson* v. *Johnson*, 60 Cal. 292) does not support that position, though the language quoted, when taken from its context, might seem to do so. In that case there was no cross-complaint, and all the issues were framed upon the complaint itself. In this case there was a cross-complaint, distinct and complete in all its parts, and an answer thereto, and these did not fall with the fall of plaintiff's complaint.

The order of dismissal was made on plaintiff's motion. The order does not follow the precise language of the motion, but on it a judgment of dismissal of the action was entered.

The judgment so entered is against law, and it is ordered that the same be reversed, and the case remanded, to be placed on the calendar of the court below for trial on the issues framed by the cross-complaint of defendant and the answer thereto.

McFARLAND, J., and PATERSON, J., concurred.

Hearing in Bank denied.