442 SUPERIOR COURT.

EDWIN R. BANKS *vs.* MARY J. BANKS.

*Divorce—Answer—Cross Answer—Cross Bill—Practice—Answer Permitted—Cross Bill not Allowed—2 Woolley on Delaware Practice.*

1. The defendant in an action for divorce has a right to file a formal answer to the plaintiff's petition such as may be pertinent under the facts and laws in the case.

2. The practice of the courts in respect to such formal answer, as stated in 2 *Wolley on Delaware Practice, Section* 1636, is just as applicable to the new divorce law, approved March 29, 1907, as to the old law, inasmuch as the provisions of *section* 13 of the new law are copied verbatim from the old.

3. The right of the defendant to file a cross bill in applications for divorce, where the cause is adultery, does not depend upon the practice in Ecclesiastical Courts but upon the words of our own statute, which provides "*Section* 13. On a petition for divorce for the cause of adultery if the defendant shall recriminate and prove that the complainant has been guilty of a like crime" * * * * * * "the petition shall be dismissed." When the petition is so dismissed the case is ended and cannot be held in court by a cross bill.

4. Under our practice such conduct on the part of the complainant is simply a matter of defence and does not clothe the court with jurisdiction independently of the orginal petition, and such defence should be set forth in an answer, as defined in the quotation made from 2 *Woolley on Delaware Practice.*

(*September* 18, 1907.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*J. Frank Ball* and *Thomas F. Bayard* for plaintiff.

*Herbert H. Ward* for defendant.

Superior Court, New Castle County, May Term, 1907. DIVORCE (No. 82, May Term, 1907).

Motion by defendant for leave to file an answer and cross bill was made and argued at the May Term, 1907. Opinion handed down denying motion on September 18th, 1907.

LORE, C. J.:—The Court have carefully considered the motion on behalf of the defendant in this case for leave to file answer and a cross bill, and also the able arguments made by the counsel for the plaintiff and the defendant. The motion should be divided into two heads: *first*, for leave to file an answer; *second* for leave to file a cross bill.

There can be no question as to the right of the defendant to file a formal answer, such as may be pertinent under the facts and the law in the case. The practice of the courts in respect to formal answer by the defendant in divorce cases in this State is so well stated in 2 *Woolley on Delaware Practice*, *Sec.* 1636, that we cannot do better than to give the language of that section.

"*Section* 1636. ANSWER. When the respondent's defence amounts in substance to a traverse of the allegations contained in the libel, and does not embrace matters of condonation, recrimination or other special defences; a formal answer is unusual and unnecessary. As the libellant must prove the averments of the libel in support of his case, so the respondent, without formal answer, may introduce any evidence that is in contradiction of the libellant's proof.

"When divorce is sought on the ground of adultery, the statute provides, that 'if the defendant shall recriminate and prove that the complainant has been guilty of the like crime; or has admitted the defendant into conjugal society or embraces after knowledge of the adultery; or that the complainant, if a husband, allowed of his wife's prostitution, the petition shall be dismissed.' Such defences, as it appears, partake of the nature of confession and avoidance, or if the allegations of the petition are denied, as they may be, and recrimination, condonation or the allowing of the wife's prostitution is at the same time relied on, the defense amounts to a plea of an exception to the statute allowing divorce for the cause of adultery. In either case, or in any case, where the respondent relies upon an exception to the statute, and defends upon the ground of recrimination, condo-

nation or the husband's assent to his wife's prostitution, the defense is not a traverse, but sets up new matter, and must be specially pleaded. Defences of the characters embraced within these exceptions of the statute should be pleaded and shown by an answer. The answer should set forth the matter of the defence with the same particularity and specification as are required in the libel, for if by the answer the adultery is admitted, but recrimination or condonation is relied upon to constitute an exception to the libellant's right to a divorce, the burden of proof is shifted, and the respondent is required to prove that she is within the exception of the statute. The libellant is entitled to this particularity, because such a defence in substance, constitutes a charge against him, concerning which he has a right to be fully informed, so that he may either contradict it or prove acts of adultery subsequent to the act relied upon as a defence".

This statement of the practice is just as applicable to the new divorce law, approved March 29, 1907, as to the old law, inasmuch as the provision, of *Section* 13 of the new law are copied verbatim from the old.

The real question in this case is, shall leave be granted the defendant to file a cross bill, which if proved shall constitute an independent ground of action, and entitle her to a divorce from her husband just as if she had filed the original petition in the suit.

We fully recognize the force of the reasoning of the counsel for the defendant, that leave to file such cross bill would enable the courts to determine which of the two parties was entitled to the divorce, and to decree a divorce either to the plaintiff or to the defendant as the proof in the case might warrant.

Such a practice would save multiplicity of suits; minimize costs and afford relief to either one of the parties entitled thereto without driving each of them to an independent action, where the proofs in both actions would be substantially the same.

The jurisdiction of this Court, however, in divorce cases is

entirely statutory. In *Jeans vs. Jeans*, 2 *Harr.*, 38, the Court held that the doctrine of the Ecclesiastical Courts on the subject of divorce will as far as applicable be recognized by our Courts. This, however, does not touch the question of jurisdiction. The question necessarily turns upon, what does the statute prescribe or permit.

The opinion of Judge Grubb in *Cummins vs. Cummins*, 1 *Marvel*, 423, is cited in favor of the defendant's position. This case as reported in 1 *Marvel* leaves the impression that an individual opinion was delivered by Judge Grubb and another by myself, and that Judge Cullen concurred but delivered no opinion. In what Judge Cullen concurred does not appear.

The facts are that the opinion as delivered by me was the opinion of the majority of the Court.

The right of the defendant to file a cross bill in applications for divorce, where the cause is adultery, does not depend upon the practice in the Ecclesiastical Courts but upon the words of our own statute which are as follows:

"*Section* 13.   On a petition for divorce for the cause of adultery if the defendant shall recriminate and prove that the complainant has been guilty of the like crime, or has admitted the defendant into conjugual society,or embraces, after the knowledge of the adultery, or that the complainant, if a husband, allowed of his wife's prostitution, the petition shall be dismissed."

The language of this section practically disposes of this motion. Where the conditions named therein appear in the proof, the law emphatically says, "the petition shall be dismissed." When the petition is so dismissed the case is ended, and cannot be held in Court by a cross bill.

Under our practice such conduct on the part of the complainant is simply a matter of defence and does not clothe the Court with jurisdiction independently of the orginal petition, and such defence should be set forth in an answer as defined in the quotation heretofore made from 2 *Woolley on Delaware Prac-*

*tice.* We think this position is in harmony with a correct interpretation of *Jeans vs. Jeans*, 2 *Harr.* 38 *and* 142.

However desirable, therefore, the filing of a cross bill might be in cases of divorce, we do not feel at liberty to grant it under the terms of our statute. Such a remedy must come from the Legislature and is not within the province of the Court. Leave to file a cross bill is therefore refused.