## Wallace v. Wallace.

(Decided September 26, 1916.)

### Appeal from Grayson Circuit Court.

Divorce—Discretion of Court in Granting.—A divorce from bed and board may be granted for such cause as the court from the evidence in the exercise of a sound discretion may deem sufficient, although the petition charges only grounds for absolute divorce, which were not proven.

J. M. CAMPBELL and L. A. FAUREST for appellant.

W. O. JONES and G. W. STONE for appellee.

Opinion of the Court by Judge Clarke—Affirming.

On November 25, 1914, appellant filed this action against his wife, the appellee, for a divorce, charging that, without any or like fault upon his part, she had abandoned him more than a year theretofore, and they had not lived together or cohabited since then. He alleged she was not the proper person to have the custody and care of their five infant children and asked that they be awarded to him.

Appellee filed an answer, denying the allegations of the petition, and a counter-claim charging appellant with cruel and inhuman treatment for more than six months; with beating and injuring her, and with unfaithfulness. She alleged that he was not a fit person to have the custody and care of their infant children, and asked that they be awarded to her, and for alimony. He prayed for an absolute divorce, while she prayed for a divorce from bed and board.

It will not be necessary to recite here the sordid details of an unhappy married life graphically portrayed in 567 pages of depositions. Neither is it necessary to decide which of the two is most at fault, if that were possible, for existing conditions; for, certain it is, that neither is without fault. Appellant's only cause of action is one year's abandonment. His petition was filed November 25, 1914, and the evidence conclusively shows cohabitation in January, 1914, and the preponderance of the evidence is that there was cohabitation as late as the summer of 1914, so that certainly appellant was not entitled to a divorce upon his original petition, nor is the proof convincing or sufficient, in our judgment, to warrant a divorce even if we should count the time from the filing of his amended petition, after all of the proof had been taken, on June 1, 1915, asserting abandonment for a year from that date.

While the proof fails to warrant an absolute divorce to appellant there can be no doubt that it furnishes abundant justification for a divorce from bed and board to both parties, and the chancellor's judgment to that effect was eminently proper. Ky. Statutes, Sec. 2121; Evans v. Evans, 93 Ky. 510; Irwin v. Irwin, 105 Ky. 532; Shrock v. Shrock, 4 Bush 632, and McClintock v. McClintock, 147 Ky. 409.

Appellant also complains because the custody of their daughters, nine and thirteen years of age, was given to the mother. The oldest child, a boy nearly twenty-one years of age, was not awarded to either parent, while the two younger boys, ages three and seven, were given to the father, and we are inclined to believe that this is the very best solution that could have been made of this very unfortunate affair. While the testimony shows that the mother was, when angry, in the habit of using most unladylike language, and that her conduct in her home in the presence of her children, upon at least one occasion, was disgusting and even revolting, it also discloses the fact that the father was no more careful of his language in the children's presence and that his conduct before them has been about as reprehensible as that he criticizes in the wife.

Both parties are industrious, and their bad conduct so far as the evidence shows has been largely directed toward each other. The chief cause of their irritation having been removed by the separation, we see no reason to anticipate that either will disappoint the judgment of the chancellor that each is worthy the care and custody of their children. If either does prove unworthy the chancellor may hereafter make proper orders for the welfare of the children whenever the occasion arises.

Appellant also complains of the allowance of thirty ($30.00) dollars a month to the wife for the maintenance of the two daughters awarded to her. We feel sure that this is not more than should have been allowed at this time for the support of these two children, and the record shows that appellant is amply able to make these payments.

The question of alimony is not before us as the case was continued and that matter was not adjudged.

Perceiving no error in the judgment it is affirmed.