## JAMES ERNEST WILKINS V. GLADYS I. WILKINS.

*(November 22, 1945.)*

RODNEY, J., sitting.

*Max Terry* for plaintiff.

*Howard E. Lynch, Jr.*, for defendant.

Superior Court for Kent County, Divorce, No. 31, October Term, 1945.

RODNEY, J., delivering the opinion of the Court:

It is plausibly argued for the defendant that by the personal service of process on the defendant and by her appearance in the cause this Court has jurisdiction of both the subject matter and the parties, and should grant the motion, so that it may be possible for the defendant to secure an affirmative decree in her favor.

In *Brown v. Brown, (Del. Super.)* 29 *A.* 2d 149, this Court had occasion to consider some aspects of the origin of jurisdiction in matters of divorce. It was there pointed out that insofar as jurisdiction of matrimonal causes was concerned that the statute was the sole source from which such jurisdiction must be sought. In England matrimonial causes were originally within the jurisdiction of the Ecclesiastical Courts and those Courts operating under principles of canonical law, as distinguished from common law principles, and no Ecclesiastical Courts having been established in Delaware, the statute alone furnishes the jurisdiction of this Court.

There being, then, no common law jurisdiction in Delaware of matrimonial causes, but such jurisdiction emanating solely from the statute, then to such statute we must look.

The statute, *Chapter* 86, *Revised Code* of 1935, being Sections 3497-3525, covers the general subject of divorce, and the method of acquiring jurisdiction is specially provided both where the service is personal or by publication. With the latter we are not concerned.

Section 3503 provides that proceedings shall be by petition filed in the Superior Court of the county of the peti-

tioner's residence, stating the true cause of action, and including certain required averments. The statute then proceeds:

"whereupon a summons shall issue, for the defendant's appearance, and, upon proof of the service of such summons more than twenty days before the time of its return * * * the cause shall proceed to trial" &c.

There is in the statute no mention of any cross bill, cross petition or counter claim of any kind, or any other procedure by which the Court acquires jurisdiction to grant a decree of divorce other than by the specified method of filing a petition and complying with the statutory form of service.

The divorce statute in Delaware has uniformly been accorded a strict construction and a jurisdiction purely statutory in origin must be dependent upon its substantial conformity to the law which prescribes it. *Potter v. Potter,* 9 *W. W. Harr.* (39 *Del.*) 487, 2 *A.* 2d 93; *Morris v. Morris,* 2 *Boyce* 583, 83 *A.* 934; *Griffith v. Griffith,* 1 *W. W. Harr.* (31 *Del.*) 1, 108 *A.* 209.

The only Delaware divorce case in which a cross bill or cross petition has been considered, is *Banks v. Banks,* 6 *Penn.* 442, 67 *A.* 853, 854. That case was filed for the cause of adultery, and the Court considered Sec. 13 of the Act of 1907 (Vol. 24, *Laws of Delaware,* page 624), which section now appears as the first sentence of Sec. 3509, *Revised Code of 1935.* That section prescribed the proceedings in cases of divorce for adultery, where the defendant relied upon recrimination, condonation or connivance of the husband. It was held that the defense of recrimination was in the nature of confession and avoidance, and, when proved, constituted an exception to the law granting a divorce on the ground of adu'tery. The statute expressly stated that upon recrimination being proved the petition should be dismissed. The

Court said "when the petition is so dismissed, the case is ended, and cannot be held in court by a cross-bill." The defendant sought to enter a formal answer and also to file a cross bill or cross petition which, if proven, would entitle her to a divorce as if she had filed the original petition. The Court allowed the formal answer but denied the right of the defendant to file the cross bill. It may well be that the Court was particularly considering the terms of a statute not involved in the present case, and that the cited case is not an exact authority in the present case, but in no case has a cross bill or cross petition been allowed, and the concluding language in *Banks v. Banks* may have pertinency:

"However desirable, therefore, the filing of a cross-bill might be in cases of divorce, we do not feel at liberty to grant it under the terms of our statute. Such a remedy must come from the Legislature, and is not within the province of the court."

It seems that in England the Ecclesiastical Courts by cross bills or complaints granted affirmative relief in appropriate cases to a defendant in a divorce action. The similar result generally adopted in American jurisdiction is misleading. The jurisdiction in such American cases almost uniformly stems from a statute. With the exception of one case, all of the authorities examined by me are clearly divisible into two classes:

1.   Those States which by express statutory enactment grant to a defendant in a divorce case the right to seek affirmative relief by what are variously designated as cross bills, cross petitions or counter claims.

2.   Those States which by statutory enactment provide that in divorce cases the procedure shall be according to the course of proceedings in Ecclesiastical Courts or courts of equity.

In the first class will be found California—*Mott v. Mott*, 82 *Cal.* 413, 22 *P.* 1140; Colorado—*Cupples v. Cupples*, 33 *Colo.* 449, 80 *P.* 1039; Georgia—*Owen v. Owen*, 54 *Ga.* 526; Indiana—*Jenness v. Jenness*, 24 *Ind.* 335, 87 *Am. Dec.* 335; Kentucky—*Wallace v. Wallace*, 171 *Ky.* 192, 188 *S. W.* 331; Missouri—*Ficke v. Ficke*, 62 *Mo.* 335.

In the second class may be found Nebraska—*Berdolt v. Berdolt*, 56 *Neb.* 792, 77 *N. W.* 399; Massachusetts—*Friedrich v. Friedrich*, 230 *Mass.* 59, 119 *N. E.* 449, and in New Jersey the statute formerly provided that procedure in divorce should be as in other causes·in the Court of Chancery, and by the Revision of 1937, there is express recognition of counter claim without further service of process. *Herr on Marriage, Divorce & Separation*, paragraph 273, page 337.

In Nevada alone (*Wuest v. Wuest*, 17 *Nev.* 217, 30 *P.* 886) is it held that the principles of divorce as practiced by the Ecclesiastical Courts of England became part of the common law of America, and that the right to file a cross petition in divorce existed in the absence of a statute and because allowable by the Ecclesiastical Courts.

In Delaware the decisions of the Ecclesiastical Courts have been considered as "great lights and sound guides" in the determination of questions arising in the administration of the law of divorce. In no instance have they been suggested as conferring jurisdiction itself on the Court.

Because in our divorce statute there is found no grant of general equitable powers and no suggestion of any right of a defendant to affirmative relief by cross bill or cross petition, but every intendment to the contrary, so the motion must be refused. Since the jurisdiction of divorce is statutory with statutory forms of service of process, the

material extension of that jurisdiction must be provided by that legislative source which prescribed it.