**Appellate Department, Superior Court, Los Angeles**

[Civ. A. No. 8676.   June 29, 1955.]

HELEN BARBARA ARMSTRONG et al., Appellants, v. TRANSCONTINENTAL LAND AND WATER COMPANY (a Corporation) et al., Respondents.

Homer C. Compton for Appellants.

Gendel & Raskoff and Douglas Badt for Respondents.

SHAW, P. J.—This is an appeal by the plaintiffs from an order of the Municipal Court of the Los Angeles Judicial District, made on defendants' motion, transferring this action from that court to the Superior Court of Kern County for trial.

The order was made under, and this appeal requires us to consider and apply that part of section 396 of the Code of Civil Procedure, which reads as follows:

"If an action or proceeding is commenced in or transferred to a court which has jurisdiction of the subject matter thereof as determined by the complaint or petition, and it thereafter appears from the verified pleadings, or at the trial, or hearing, that the determination of the action or proceeding, or of a counterclaim, or of a cross-complaint, will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action or proceeding and certify the pleadings (or if the pleadings be oral, a transcript of the same), and all papers and proceedings therein, to a court having jurisdiction thereof which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof."

By the amended complaint in this action, filed before the order of transfer, 47 plaintiffs join in suing four corporations and 11 individuals, as well as fictitiously named defendants. This amended complaint is divided into 33 so-called "counts," each of which, after setting forth a cause of action to recover, after a rescission, money paid by the plaintiffs therein named to all of the defendants, adds thereto a cause of action for money had and received in the same amount. Each of these "counts" names one or two, or in one case, three, of the total number of plaintiffs as the particular plaintiffs concerned with that "count," no plaintiff being named as

plaintiff in more than one "count." Each of these "counts" seeks to recover money paid by the particular plaintiffs named therein to the defendants for the purchase of land in Kern County, the purchase being induced by fraud. The amount involved in each "count" is less than $3,000. The fraud is alleged in great detail in "Count" 1, it being a general scheme to defraud the public and all the plaintiffs, and these allegations are adopted by cross-reference in the other "counts." This amended complaint is an unusual form of pleading, but its sufficiency is not before us for consideration. ■ It appears to be within the jurisdiction of the municipal court, since each of the "counts" is for less than $3,000, and no set of plaintiffs named in one of them has any interest in any of the others. (Code Civ. Proc., § 689; *Emery* v. *Pacific Emp. Ins. Co.* (1937), 8 Cal.2d 663, 666 [67 P.2d 1046].)

One of the defendants, Continental Subdivisions, Inc., filed a cross-complaint against the two persons named as the plaintiffs in "Count" 4 of the amended complaint. This cross-complaint was designated as a "cross-complaint for declaratory relief." It alleged that the cross-defendants agreed to buy from the cross-complainant land in Kern County, being the same land described in "Count" 4 of the amended complaint, that the cross-complainant had been served with a notice of rescission by the cross-defendants, but denied their right to rescind and asked for a declaration that no such right existed. This cross-complaint further alleged that the cross-defendants were in default in their payments, and that under the contract of sale the cross-complainant was entitled to terminate the right of the cross-defendants to buy the land and had done so, that the cross-complainant is the owner of the land referred to, and prays that the court declare the cross-defendants' rights to the real property are forfeited and ended.

A like cross-complaint was filed by the same cross-complainant against the two persons named as plaintiffs in "Count" 5 of the amended complaint.

■ Viewing these two cross-complaints as actions for declaratory relief, they are within the jurisdiction of some superior court, not of any municipal court. (Code Civ. Proc., § 1060; *Ralphs Grocery Co.* v. *Amalagamated Meat etc. Workmen* (1950), 98 Cal.App.2d 539, 542 [220 P.2d 802].) They cannot be brought within the jurisdiction of the municipal court under the provisions of subdivision 2 of section 89,

Code of Civil Procedure, as merely defensive matter, for they plainly call for affirmative relief in favor of cross-complainant.

■ Inquiring what superior court has jurisdiction of this action with its cross-complaints, we look at section 5 of article VI of the California Constitution, and there we see it ordained that "all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." These cross-complaints amount in effect to actions to quiet title; indeed they ask for judgments to that effect. Speaking of this constitutional provision, the court in *Miller & Lux* v. *Kern County Land Co.* (1903), 140 Cal. 132, 134-135 [73 P. 836], held that it applies only to the commencement of an action, saying: "A construction that will make the determination of the question of jurisdiction depend upon what may be done by the defendant subsequent to the commencement of the action is not to be favored." But here the court was speaking of matters alleged in an answer only. Moreover, the construction which the court said was not to be favored constitutes the very framework of that part of section 396 now under consideration, and it is not likely that the court would have held as it did had there then been such a statute. Furthermore, it was held in *Pacific Finance Corp.* v. *Superior Court* (1933), 219 Cal. 179, 183 [25 P.2d 983, 90 A.L.R. 384], that a cross-complaint is in effect a separate action independent of that of the plaintiff. We conclude, therefore, that the cross-complaints in question constituted in legal effect independent actions, jurisdiction of which is in the Superior Court of Kern County.

By considering the provisions of section 392, subdivision (1)(a), Code of Civil Procedure, we reach the further conclusion that the action should be sent to the Superior Court of Kern County as the proper court for the trial of the actions containing these cross-complaints. They seek to determine rights and interests in real property situated in that county. (*Rice* v. *Schubert* (1951), 101 Cal.App.2d 638 [226 P.2d 50].)

■ Many of the plaintiffs are not affected at all by the cross-complaints under discussion, but when they elected to join their cases in one action with those of all the other plaintiffs, instead of suing separately, as they might have done, they joined their fate with that of the others, and

must abide by the transfer of the action which becomes necessary as to the others. Section 396, Code of Civil Procedure, "deals with an action and provides for its transfer from one court to another *as a unit* and not otherwise." (*Cook* v. *Winklepleck* (1936), 16 Cal.App.2d Supp. 759, 767 [59 P.2d 463].)

The order is affirmed.

Bishop, J., and Swain, J., concurred.