281 A.2d 485 (1971)
S. R., Wife, Defendant Below, Appellant,
v.
D. R., Husband, Plaintiff Below, Appellee.
Supreme Court of Delaware.
August 20, 1971.
Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for defendant below, appellant.
Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for plaintiff below, appellee.
WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.
*486 HERRMANN, Justice:
In this appeal we are called upon to review the decision of the Superior Court that the plaintiff husband is entitled to a divorce on the ground of incompatibility.
The sole question presented is whether a husband who leaves the marital home for another woman should be entitled to a divorce on the ground of incompatibility. The answer of course is negative if that were the sole reason for the termination of the marital relationship; but the appellant oversimplifies the problem. The Trial Court made the following findings and conclusions:
"At the present time and for at least the statutory period the parties have had nothing whatsoever in common. * * *
"I am convinced that there is not and has not for several years been any genuine love between the parties.
"As stated above at least two reconciliations were attempted after the initial separation and both failed. These attempts failed because the conflicts of personality between the parties had become so great that their existence together in a normal marital relationship had become impossible. Moreover, it is apparent that the parties will never reconcile."
We are of the opinion that there is sufficient evidence to support the findings and conclusions of the Trial Judge and to meet the test of incompatibility as a ground for divorce: that the marriage has been destroyed beyond possibility of reconciliation by "rift or discord produced by reciprocal conflict of personalities." J. A. D. v. P. L. D., Del.Supr., 259 A.2d 381 (1969). We are unable to say that the inferences and deductions of the Trial Court are clearly wrong.
Accordingly, the judgment below must be affirmed.
In passing, we note that the defendant wife filed a subsequent action for divorce from bed and board on the ground of the plaintiff's adultery. The Trial Court considered the husband's divorce suit first because it was filed first; and, having granted the husband's petition, the Trial Court did not reach the wife's action. This course of action was proper under our practice because Delaware has not created a statutory right of cross-action for divorce, as has been done in other jurisdictions. See Wilkins v. Wilkins, 4 Terry 245, 45 A.2d 536 (1945); Annotations, 31 A.L.R.2d 442 and 13 A.L.R.3d 1364. The consequence is often an unfair race to the courthouse and an unjust result. We take the occasion to suggest that this problem is a proper matter for consideration by the General Assembly.