**HUSBAND, M., Plaintiff Below, Appellant,**

v.

**WIFE, M., Defendant Below, Appellee.**

Supreme Court of Delaware.

Aug. 3, 1972.

Richard E. Poole, of Potter, Anderson & Corroon, Wilmington, for plaintiff below, appellant.

Louis Goldstein, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

Appellant-husband petitioned for divorce against appellee-wife, asserting incompatibility, 13 Del.C. § 1522(12). Appellee contested, and by unreported letter opinion, the Superior Court denied the petition.

§ 1522(12) reads as follows:

"(12) When husband and wife are incompatible in that their marriage is characterized by rift or discord produced by reciprocal conflict of personalities existing for 2 consecutive years prior to the filing of the divorce action, and which has destroyed their relationship as husband and wife and the reasonable possibility of reconciliation."

The Court below ruled as follows:

" . . . There is no question in the Court's mind that these parties cannot get along, will not get along, and that there is no hope of reconciliation, but the Court does not find that the rift and discord that exists in this family was caused by reciprocal conflicts of personalities. The rift, discord and unhappiness in this family were caused by the many, many medical problems that the wife had undergone over the past several years and the husband's lack of understanding of these medical problems.

. . . [Examples cited] . . .

"These problems have caused the parties to become irritable and hostile towards each other, breaking down the communication they had between them and causing them to lose respect for each other. On top of this, there has been financial problems brought on by both parties' inability to handle their budget.

"The Court believes that in the practical sense these parties are incompatible, but the rift and discord was not caused by a conflict of personalities. They were caused by a great deal of medical problems that neither could cope with. A devoted husband would be understanding and make certain adjustments."

We are required to examine the reasoning process by which the trial Judge reached the conclusion that the necessary showing of "reciprocal conflict of personalities" had not been shown. In a case such as this, "[I]t is our duty . . . to review the inferences and deductions made by the trial Court, and to draw our own inferences and deductions if we think justice so requires." Husband v. Wife, Del.Supr., 280 A.2d 705 (1971).

Considering the facts stated and conclusions reached, the opinion below is somewhat anomalous; i. e., the parties are held to be incompatible with no hope of reconciliation, but objectively their personalities are said not to be in reciprocal conflict. The Court below apparently overlooked element (b) in the following chain of reasoning:

(a) the physical condition gave rise to

(b) reciprocal conflict, which gave rise to

(c) rift and discord.

The letter opinion partially recognizes this personality conflict by noting " . . . neither could cope with [the medical problems]. A devoted husband would be understanding and make certain adjustments." A more pertinent statement would be to say that the record shows neither party has been able to adjust his or her personality to the additional stresses that the wife's medical problems have placed upon their marriage. The requisite rift and discord must be viewed in the subjective circumstances of the parties involved; an objective appraisal of the rightness or wrongness of their conflict is inappropriate.

We are not to be understood as holding that medical problems alone, suffered by one partner to a marriage, are grounds for divorce under the incompatibility statute; clearly they are not. But here, the medical problems were the final catalyst which brought the personalities of the couple into sharp conflict. The trial Court's finding of no possibility of reconciliation and conclusion of incompatibility must result in the grant of divorce. As we pointed out in J. A. D. v. P. L. D., Del.Supr., 259 A.2d 381 (1969), "incompatibility cannot be unilateral, but is always mutual."

The judgment below is reversed and remanded with instructions to grant a decree nisi.