**Husband, T., Plaintiff Below, Appellant,**

v.

**Wife, T., Defendant Below, Appellee.**

Supreme Court of Delaware.

Oct. 18, 1973.

Victor F. Battaglia and Gary W. Aber, of Biggs & Battaglia, Wilmington, for plaintiff below, appellant.

Carl Schnee, of Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

CAREY, Justice:

This is an appeal from a decision denying appellant-husband a divorce on the ground of incompatibility. The Superior Court Judge found the couple to be incompatible, but denied the decree because he concluded that the rift and discord between

the parties were not produced by reciprocal conflict of personalities, within the meaning of 13 Del.C. § 1522(12).

I

The couple was married in June, 1964. They separated in December, 1969, when the husband told the wife that he had fallen en in love with another woman. Approximately two weeks later, he returned home and in an attempt at reconciliation, lived with the wife for a period of five days. The attempted reconciliation proved unsuccessful, and they have not lived together since that period in January, 1970. They have had little contact with each other, and each has been dating other people.

The record convinces us, as it did the trial Judge, that the couple had been incompatible for two consecutive years prior to the filing of the divorce action on June 16, 1972, and there is no doubt that their marital relationship has been destroyed beyond reconciliation. The principal issue involved in this appeal concerns the lower Court's finding concerning the cause of the marital disharmony and that Court's construction of 13 Del.C. § 1522(12) as it applies to that finding.

§ 1522(12) creates a cause for divorce "[w]hen husband and wife are incompatible in that their marriage is characterized by rift or discord produced by reciprocal conflict of personalities existing for 2 consecutive years prior to the filing of the divorce action, and which has destroyed their relationship as husband and wife and the reasonable possibility of reconciliation."

Testimony by the husband and the witnesses in his behalf tended to show that he and his wife had been incompatible since some time in 1965, within a year after their marriage. However, she and her witnesses sought to establish that the couple had been happily married until December, 1969, when he disclosed his love for another woman.

Apparently the lower Court believed the wife's testimony regarding the time of the inception of their marital troubles. The Court held: "When a couple has been shown to be truly incompatible on account of reciprocal conflicts in the personalities, either spouse may obtain a divorce. But, when an otherwise relatively happy couple has become incompatible because one of the spouses has declared his love for another person and left home, the resulting rift and discord cannot, without more, be regarded as being produced by reciprocal conflict of personalities. As trier of fact, I do not find enough more in this case to bring the situation within the statutory grounds for divorce based on incompatibility under the special language of the Delaware statute." The language of the statute is indeed special,[1] and has given rise to some confusion, but, in our opinion, the Judge below correctly concluded that the rift and discord that characterized this couple's incompatibility was not "produced by reciprocal conflict of personalities" within the meaning of § 1522(12).

The trial Court, having heard and observed the witnesses, judged their credibility and determined that the marital relationship was destroyed by the husband's leaving the wife for another woman. Although it is practically inevitable that such action on the part of a husband will give rise to reciprocal conflict between the spouses, we cannot say, in circumstances such as these, that the rift and discord has been "produced by reciprocal conflict of personalities." It has been *produced by* the husband's professed love of another woman. Compare S.R. v. D.R., Del.Supr., 281 A.2d 485 (1971), in which we noted that a husband who leaves the marital home for another woman is not entitled to a divorce on the ground of incompatibility if that is the sole reason for termination of the marital relationship, and Husband, M. v. Wife, M., Del.Supr., 295 A.2d 723 (1972), where the facts showed that medi-

1. See J.A.D. v. P.L.D., Del.Supr., 259 A.2d 381 (1969).

cal problems alone did not produce the incompatibility. Here, by contrast, the rift or discord was produced by the husband's affair, not by a reciprocal conflict of personalities. Certainly the General Assembly did not intend that an unfaithful spouse can, by such conduct, "produce" grounds for divorce at his request. The statute is not designed to simply permit a divorce on application when marital disharmony exists for the stated period; it requires proof of incompatibility, characterized by rift or discord which is "produced" by a reciprocal conflict of personalities. Testing this conclusion against the language of § 1522(12) and our prior decisions in this field, we are compelled to rule that there was no error in refusing to grant the decree, even though the trial Judge found that the couple was in fact incompatible.

## II

■ Appellant's second contention is that the trial Court erred in its decision to deny the divorce because there was insufficient corroborating testimony. It is obvious from a reading of the Superior Court's opinion that appellant's premise is wrong. The Judge below did not rule that appellant's corroborating evidence was insufficient; he determined that it was not persuasive. With respect to that issue, he said,

> " . . . Since plaintiff has the burden of proof, convincing corroboration of any relatively disinterested witnesses he called became an important element in establishing his grounds for divorce. The corroborating testimony of plaintiff's witnesses, however, was much less convincing than the opposing corroborating testimony presented by defendant's witnesses to support her version of the facts."

We are obliged in this case to review the facts as well as the law, and, if justice warrants it, to draw our own inferences and deductions. Nelson v. Murray, Del. Supr., 211 A.2d 842 (1965). Having reviewed the record of this case, we discern no reason to dispute the trial Court's decision on this question of fact.

Therefore, the decision of the Superior Court is affirmed.