HORACE G. RETTEW, RECEIVER OF TAXES and COUNTY TREAS-
URER FOR NEW CASTLE COUNTY, STATE OF DELAWARE,
vs. ST. PATRICK'S ROMAN CATHOLIC CHURCH, WILMING-
TON, DELAWARE, a corporation of the State of Delaware.

HORACE G. RETTEW, RECEIVER OF TAXES and COUNTY TREAS-
URER FOR NEW CASTLE COUNTY, STATE OF DELAWARE,
vs. ST. JOSEPH'S SOCIETY FOR COLORED MISSIONS OF WIL-
MINGTON, a corporation of the State of Delaware.

*Case Stated—Taxation—Real Propetry used for School Purposes—
Exemption—Constitution—Statute.*

Real property used for school purposes, where the tuition is free, comes within
the Constitutional exemption (*Section 3, Article 10, Constitution of 1897,*) and is
therefore exempt from taxation.

(*July 3, 1902.*)

LORE, C. J., and PENNWILL and BOYCE, J. J., sitting.

*Henry C. Conrad* for plaintiff.

*William Michael Byrne* and *John F. Malloy* for defendants.

Superior Court, New Castle County, May Term, 1902.

AMICABLE ACTION. CASES STATED (Nos. 134 and 139, re-
spectively, to February Term, 1902).

CASE STATED IN No. 134.

"And now, to wit, this tenth day of March, A. D. 1902, it is
agreed between the attorneys for the respective parties above
named, as follows, to wit :

That Horace G. Rettew, the plaintiff above named, is the
Receiver of Taxes and County Treasurer for New Castle County,

State of Delaware, and as such seeks in this suit to collect taxes on certain property belonging to the defendant above named ;

That the said St. Patrick's Roman Catholic Church, Wilmington, Delaware, is a corporation existing under and by virtue of the laws of the State of Delaware ;

That the said corporation, in the exercise of its corporate franchises, is engaged in religious, educational and philanthropic work ;

That the said corporation, in the exercise of its corporate franchises, has established and maintains a school in the city of Wilmington, New Castle County and State of Delaware, where tuition is free ;

That the said corporation, for carrying out its plan of education where tuition is free as aforesaid, has constructed for school purposes a building on the north side of Fourteenth street, between King and French streets, known as Nos. 101-107 East Fourteenth street, in the said city of Wilmington ;

That in the said school are taught reading, writing, arithmetic, mathematics, geography, history and other branches of secular education ;

That the said school is maintained wholly by voluntary contributions made to the said corporation, and that there is no tuition fee charged to any pupil in said school ;

That the said corporation through its officers has concluded that the best results in the education of children may be obtained by combining religious instruction with educational training ;

That the said corporation, for the accomplishment of this plan of instruction, combining religious and educational training, employs as teachers in said school persons particularly identified with the religion taught by the said corporation ;

That the teachers so employed by the said corporation are persons who live according to certain rules and regulations which require them to live together in community life, and do not permit them to board separately in different houses ;

That to secure the services of these teachers and for the accomplishment of its school purposes, the said corporation owns certain real property, known as No. 1411 French street, Wilmington, Delaware, on which is a house where the said teachers live, adjoining its said school property, and used in connection therewith in its plan of free education ;

That the said corporation uses the said premises, No. 1411 French street, solely as a residence for its teachers employed in its school as aforesaid, and for no other purposes ;

That the said corporation receives no rent for the said premises from the said teachers, nor any revenue for the same of any kind whatsoever ;

That the said corporation pays the said teachers a small stipend for their services and furnishes them a residence, at No. 1411 French street, aforesaid, free, in consideration of their labors as teachers in its free school as aforesaid :

If by reason of the premises, the Court should be of the opinion that the said real property, No. 1411 French street, is subject to taxation for county purposes, then judgment shall be given for the plaintiff for the sum of twelve and sixty one-hundredths dollars and costs ; but if the Court should be of the opinion that the said premises are not subject to taxation for county purposes, then judgment shall be given for defendant for costs."

### CASE STATED IN No. 139.

" And now, to wit, this 13th day of June, A. D., 1902, it is agreed between the attorneys for the respective parties above named as follows, to wit :

That Horace G. Rettew, the plaintiff above named, is the Receiver of Taxes and County Treasurer for New Castle County, State of Delaware, and, as such, seeks in this suit to collect the sum of One Hundred and Twenty-six Dollars and Forty-one Cents ($126.41) for County and Poor Taxes for 1901, on the following described property belonging to the defendant above named, to wit :

No. 1,—a three-story brick building, situate on the southwest corner of Eleventh and Walnut streets, in the city of Wilmington, New Castle County and State of Delaware;

No. 2,—a lot of land on the west side of Walnut street between Tenth and Eleventh streets, in the said city of Wilmington;

No. 3,—a tract of real estate, situate in Blackbird Hundred, New Castle County and State of Delaware, containing about one hundred and seventy-five acres;

That the said "St. Joseph's Society for colored Missions of Wilmington," is a religious and charitable corporation, existing under and by virtue of the laws of the State of Delaware;

That the said corporation in the exercise of its corporate franchises is engaged in religious, educational and philanthropic work;

That the said corporation in the exercise of its corporate franchises has established and maintains a school where tuition is free in the city of Wilmington, New Castle County and State of Delaware, situate at the southeast corner of Eleventh and French streets, in the said city;

That in the said school are taught reading, writing, arithmetic, mathematics, geography, history and other branches of secular education;

That the said school is maintained wholly by voluntary contributions made to the said corporation, and there is no tuition fee charged to any pupil in the said school;

That there are now in said school one hundred and thirty-two boys, ranging in age from four years to seventeen;

That these boys are colored, poor and orphan boys who are received into the said school, fed, clothed, housed, maintained, and supported by the said corporation without charge at its free school in Wilmington aforesaid;

That lot No. 1, is used in part as a laundry, in part as an assembly room and in part as a dormitory in connection with said free school maintained as aforesaid:

That lot No. 2, is used as a playground for the pupils of the

said free school and as a part thereof maintained by the defendant as aforesaid;

That in addition to the free school maintained by the defendant corporation in Wilmington as aforesaid, the defendant corporation maintains an industrial school for colored boys at Clayton, Kent County, Delaware;

That in the said industrial school at Clayton, Kent County, Delaware, there are in attendance now sixty-five young colored boys who are taught free of charge, reading, writing, arithmetic, mathematics, geography, history and other branches of secular education, and in addition to education of that kind, they are given instruction in agriculture, baking, carpentering, dairying, printing, painting, shoemaking, tailoring, etc.;

That the plan and purpose of the defendant corporation is to afford education and manual instruction to young colored poor and orphan boys free of charge, and in accomplishing this plan the said defendant corporation has bought a farm in the State of Delaware, consisting of three hundred and ninety-five acres, of which one hundred and seventy-five acres are in New Castle County and the balance in Kent County. Of this farm about two hundred and fifty acres are under cultivation of which one hundred and forty acres are in New Castle County; which farm of three hundred and ninety-five acres forms one entire tract consisting of fields lying contiguous to each other;

That this farm is cultivated by the said defendant corporation by means of the young colored boys in its industrial school as aforesaid, who work under the supervision of a skillful farmer, and who are trained on said farm in all the branches of the science of agriculture;

That the head farmer occupies the only house on the farm land in New Castle County;

That the head farmer receives a salary from the said defendant corporation, and in addition to his salary he receives his house-rent free;

That the said head farmer does not pay any rent of any kind to the said corporation;

That in the year 1901 the cash expenses of the farm were about $2700, and the cash receipts about $425;

That about $4300 worth of produce was raised and consumed by the boys at the school at Clayton;

That the entire proceeds of the farm either in farm products, or in cash for which said farm products are sold are used exclusively to defray the expenses of maintaing and conducting the free school managed by the said defendant corporation at Clayton;

That nearly all the products of the farm are consumed by the school maintained at Clayton by the defendant as aforesaid, and that only a small and trifling part of said farm products is sold; and when so sold the proceeds are used for school purposes in the defendant's free school as aforesaid:

That if, by reason of the premises, the Court should be of the opinion that said defendant is liable for taxes in the above stated case on lot No. 1, then judgment shall be given for the plaintiff for the sum of twenty dollars and costs; and if the Court is of the opinion that the defendant is liable for the taxes on lot No. 2, then judgment shall be given for the plaintiff for the sum of thirty-six dollars and eighty cents and costs; and if the Court should be of the opinion that the said defendant is liable for taxes on the tract of land described as No. 3, then judgment shall be given for the plaintiff for sixty-eight dollars and eighty-seven cents and costs; and if the Court should be of the opinion that the said defendant is liable for taxes on the three tracts of land herein described, then judgment shall be given for the plaintiff for one hundred and twenty-six dollars and forty-one cents and costs. But if the Court should be of the opinion that the said several lots, pieces and tracts of land are not subject to taxation for county purposes, then judgment shall be given for defendant for costs."

### ARGUMENT.

*Henry C. Conrad, Attorney for plaintiff:*—The design of the pending cases is to establish by decision of the Court the scope and extent of the laws of this State touching the exemption of real and personal property from taxation and assessment for public purposes, where the same belongs to churches, religious societies and schools, and where the same are used for religious or school purposes.

In the cases at bar it will be noted that the property claimed to be exempt, belongs, not to a school, but in one instance to a church and in the other to a religious society, but in both instances the property on which the claim for exemption is made is used in connection with the conduct of a school, the claim being made that it is all used for school purposes. Further it should be noted that there is no contention over the lands and buildings occupied and used as schools, it being admitted that all lands and buildings really occupied for school purposes are exempt under existing laws.

The question in these cases is whether certain buildings used as homes for teachers in connection with the schools, and whether a farm of large acreage adjoining the school and operated in conjunction therewith are so connected with, and form such an inseparable part of the schools themselves, that they are entitled to the same exemption.

"All real and personal property not belonging to this State or the United States or any county, church, religious society, college or school, or to any corporation for charitable uses, shall be liable to taxation and assessment for public purposes."

*Rev. Code (1893), Sec. 1, Chap. 2, p. 114:*

"No portion of any fund now existing or which may hereafter be appropriated, or raised by tax, for educational purposes, shall be appropriated to, or used by, or in aid of any sectarian, church or denominational school; provided, that all real and personal property

used for school purposes where the tuition is free, shall be exempt from taxation and assessment for public purposes."

*Constitution 1897, Section 3, Article 10.*

"All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, but the General Assembly may by general laws exempt from taxation such property as in the opinion of the General Assembly will best promote the public welfare."

*Constitution, 1897, Sec. 1, Art. 8.*

*William Michael Byrne* and *John F. Malloy,* for defendants, replied.

LORE, C. J. :—After examination and careful consideration of the printed briefs filed by the respective parties in these cases, the Court have reached the conclusion that as the cases stated show the real property referred to therein is being used for school purposes where the tuition is free, it comes within the constitutional exemption (*Section 3, Article 10, Constitution of 1897*), and is therefore exempt from taxation.

Let judgment be entered for defendant for costs in each case.