JOHN CHRISTOPHER WOOD *vs.* ELIZABETH HARRISON WOOD.

*Divorce—Necessity of Service—Waiver of Service—Appearance.*

Petition and affidavit filed October 28, 1909. Summons issued for the defendant's appearance on the following day, returnable on Monday, the first day of November 1909. The return was "*non est inventus.*" On November 13, counsel for the defendant appeared and filed a paper, signed by the defendant, empowering and directing him to appear for the defendant, etc. On November 15, the plaintiff with his counsel appeared for trial, and counsel for the defendant informed the Court that he had no defense to make and made no objection to the trial proceeding.

The Court raised the question whether under the Act of Assembly the defendant could appear by counsel, or otherwise, and waive either personal or substituted service.

*Held* that actual or substituted service cannot be waived, and the appearance of the defendant in person or by counsel cannot take the place of the service of the summons.

Del. statute: 24 *Del. Laws p.* 622, *Chap.* 221 *Sec.* 7, *repealing Chapter* 75 *Rev. Code*, 1893, *p.* 595.

(*November* 17, 1909.)

Judges BOYCE and HASTINGS sitting.

*William H. Cooper, Jr.*, for plaintiff.

*John Pearce Cann* for defendant.

Superior Court, New Castle County, November Term, 1909.

ACTION FOR DIVORCE (No. 50, November Term, 1909).

HASTINGS, J., delivering the opinion of the Court:

The petition in the above stated case was filed on October 28, 1909, and the writ was issued on the following day, commanding the defendant to appear on Monday, the first day of November, 1909. The return on this writ was "*non est inventus.*" On November 13, 1909, two days before the parties appeared for the trial of the case, counsel for the defendant appeared and filed a paper, signed by the defendant, in the presence of two witnesses, empowering and directing him to appear for the defendant and stating therein that such appearance should be taken with the same force and effect for the purpose of said suit as though she had been summoned personally and made personal appearance.

On November 15, 1909, the plaintiff with his counsel appeared for trial, and the counsel for the defendant informed the Court that he had no defense to make and made no objection to the trial proceeding.

The question raised by the Court is whether the defendant can appear by counsel or otherwise and thereby waive the service provided in *Section* 7, *Chapter* 221, *Volume* 24, *Laws of Delaware*, being entitled, "An Act regulating Annulment of Marriage and Divorce." Said *Section* 7 reads as follows:

"The proceedings for divorce, or to have a marriage annulled, shall be by petition filed with the Prothonotary of the Superior Court in the county of the petitioner's residence, stating the true cause of the complaint and verified by the affidavit of the petitioner that the facts stated are true and that the complaint is

not made out of levity or by collusion, whereupon a summons shall issue, for the defendant's appearance and upon proof of the service of such summons more than twenty days before the time of its return or upon proof of substituted service by publication as hereinafter provided, the cause shall proceed to trial," etc.

This Act was approved March 27, 1907, and repealed *Chapter* 75 *of the Revised Code*, which was the old Divorce Act. That part of *Chapter* 75 which relates to the proceeding, is found at *Section* 4, and the first part of it is in the same words as is found in *Section* 7 above quoted. Then comes the following provision: "Whereupon a summons shall issue for the defendant's appearance, and upon such appearance, or upon proof of the service of the summons," etc., * * * "it shall be the duty of the Court," etc. It will be observed that in the Act of March 27, 1907, the words "*and upon such appearance*" are omitted. It is perfectly clear that under the old Act there were two means of obtaining jurisdiction, one by appearance and the other by proof of service for a certain period before the return of the summons. The new Act provides but one means, namely, service actual or substituted. The question now is whether the defendant can waive service by appearance,—as in this case.

It may be contended that the method of service was intended as a favor to the defendant and if she choose to waive a provision of the law made for her benefit that she ought to be permitted to do so. We admit that in some instances this may be true, but it seems to us that the Legislature in the new Act, having left out the words "and upon such appearance" must have meant to confine the petitioner to the service of the summons twenty days before its return or substituted service by publication. And the reason for leaving out the words relative to appearance is not difficult to see. The new Act provides, as did the old one, that the affidavit of the plaintiff should show that the complaint was not made out of levity or by collusion, and so careful was the Court about the appearance under the old Act, that it adopted a rule that where the defendant was not served personally and counsel desired to enter appearance, he should file with the papers

in the case his authority to appear, which authority should be signed by the defendant in the presence of two witnesses. We think this new Act contemplates an adverse proceeding, and the proceedings throughout must be free from the taint or color of collusion. In this case the affidavit shows, as it must show, that there is no collusion, and until the contrary appears we take that as true, but at the same time the defendant voluntarily comes into Court and attempts to assist by appearance in having the charge that she has violated her marriage vow determined against her as speedily as possible, all of which we think is against the clear intent of the Act, and especially against public policy.

For these reasons we hold that actual or substituted service cannot be waived and the appearance of the defendant in person or by counsel cannot take the place of the service of the summons.