## NOBLE B. MORRIS *vs.* LULU M. MORRIS.

DIVORCE—JURISDICTION—SERVICE OF PROCESS.

Act General Assembly, March 29, 1907 (24 *Del. Laws*, *c.* 221), providing for personal service of summons in actions for divorce, or for substituted service by publication, and declaring that, when defendant cannot be served personally within the state, an alias summons shall issue, which the sheriff shall publish, must be strictly construed; and where service of the original writ was insufficient, and the case was continued for an alias, personal service of the alias, instead of by publication, was defective, and the court did not acquire jurisdiction.

(*April* 3, 1912.)

Judges WOOLLEY and RICE sitting.
*Charles S. Richards* for plaintiff.
*John M. Richardson* for defendant.
Superior Court, Sussex County, April Term, 1912.
PETITION FOR DIVORCE.

The sheriff made return of *non est* on the summons—alias summons issued and return thereon of personal service, and publication was not made as required by the statute. The case is stated in the opinion.

WOOLLEY, J., delivering the opinion of the court:
Jurisdiction of actions for divorce is conferred upon the Superior Court by the Act of Assembly of March 29, 1907 (*Laws of Del. Vol.* 24, *Chap.* 221), and jurisdiction over the parties to such actions is acquired in the manner prescribed by the act, namely,

"The proceedings for divorce, * * * shall be by peti-
tion filed with the prothonotary of the Superior Court in the county
of the petitioner's residence, * * * whereupon a summons
shall issue for the defendant's appearance and upon proof of the
service of such summons more than twenty days before the time
of its return or upon proof of substituted service by publication
as hereinafter provided, the cause shall proceed to trial", etc.

"When the defendant cannot be served personally within the
state, * * * an alias summons shall issue to the second term
next after issuing the original writ, which the sheriff shall pub-
lish", etc.   *Sections* 7, 9, 10, 11, Act of Assembly, *supra*.

Service upon the original writ issued in this case was found to
be insufficient and the case was continued for an alias.   Upon the
return of the alias summons it appeared that the process was exe-
cuted not by substituted service as required by the statute, but
by personal service made twenty days before the return in the
manner prescribed for service of an original writ.   The question
is therefore presented, whether the Superior Court can acquire
jurisdiction of the defendant in an action for divorce, by personal
service of an alias writ of summons, when the statute prescribes
for that writ another method of service.

When the history of the law of divorce is considered in con-
nection with the known origin and avowed purpose of the existing
statute upon the subject, it is apparent that the provisions of the
statute should be strictly construed and rigidly enforced.   Among
other things the statute contemplates certainty of notice and the
avoidance of collusion, and to that end it has prescribed the
character of the process and the methods of its service.   It has
further provided that "upon proof" of the execution of the pro-
cess in conformity with its requirements, the Superior Court may
then have jurisdiction to proceed to trial and judgment.   Service
of one kind or the other, has therefore been held essential to juris-
diction, and it has likewise been held that the service prescribed
by the statute can neither be waived nor its defects cured by the
appearance of the defendant either upon the record or in person.
*Wood v. Wood*, 1 *Boyce* 71, 74 *Atl.* 376.

As it is against the policy of the divorce act to allow a defend-

ant to substitute his appearance for the service required, it is also against the policy of the act to allow service of any kind to be substituted for service of the one kind prescribed by the act, even though the service attempted be in truth superior to the one required. For a proceeding to be legal, service of the process upon which it is founded must likewise be legal, and the legality of such a service is dependent upon its conformity to the law that prescribes it. *Odessa Loan Ass'n v. Dyer, ante* 457, 81 *Atl.* 469.

Leave to withdraw petition without prejudice.