State ex rel. Bru
  Co. ( 1 Boyce
State ex rel. Bri
  Co. (3 Boyce
State v. Burris (
State v. Donovi
State v. Freedn
State v. Greco
State v. Hawki
State v. Holder
State v. Honey
State v. Hone
State v. Kav·
State v. Mcf
State v. Ro
State v. Sr·
State v. St
State v. V
Stockto·
  204)
Swift v

# CASES DECIDED

IN THE

# SUPREME COURT

## COURT IN BANC

AND IN THE

PERIOR COURT, COURT OF OYER AND TERMINER
AND COURT OF GENERAL SESSIONS

OF

## DELAWARE

BEGINNING MARCH, 1918.

---

REBECCA R. GRIFFITH *vs.* WILLIAM A. GRIFFITH

1. DIVORCE—STATUTES AS TO PROCESS STRICTLY CONSTRUED.

Provisions of Divorce Act (*Rev. Code* 1915, §§ 3004-3032 conferring jurisdiction upon the Superior Court in actions for divorce, including the character of the process prescribed and the methods of its service, should be strictly construed and rigidly enforced for the reason that they are matters essential to jurisdiction.

2. TIME—PUBLICATION OF ALIAS SUMMONS FOR "ONE MONTH."

"One month," in the *Divorce Act* (*Rev. Code* 1915, §§ 3004-3032), requiring publication of an alias summons for one month, means a calendar and not a lunar month, and means a month ending on the day in the next succeeding month corresponding to the day in the preceding month on which the first publication was made, except where the succeeding month has not so many days as the date on which the publication was made in the preceding month, in which case the month expires on the last day of the succeeding month, in view of *Rev. Code* 1915, §§ 1, 3013.

(*November* 17, 1919)

BOYCE and RICE, J. J., sitting.

*Edmund S. Hellings* for plaintiff.

Superior Court for New Castle County, September Term, 1919.

Alias Summons No. 46, November Term, 1919.

Action by Rebecca R. Griffith against William A. Griffith for divorce on the ground of extreme cruelty. Petition dismissed for the reason that the alias summons had not been published for one month.

BOYCE, J., delivering the opinion.

[1] Jurisdiction of the Superior Court in actions for divorce is conferred by chapter 86, Rev. Code 1915, and is acquired in the manner prescribed by the statute. It has been held by this court that the provisions of the statute, including the character of the process prescribed and the methods of its service, should be strictly construed and rigidly enforced for the reason that they are matters essential to jurisdiction. *Morris v. Morris*, 2 *Boyce* 583, 83 *Atl.* 934.

The summons issued in this case returnable to the September term last could not be served personally upon the defendant and the case was continued to this, the succeeding term, for an alias summons. Section 3013 of the *Code* provides:

"When the defendant cannot be served personally within this state, * * * an alias summons shall issue to the second term next after issuing the original writ, which the Sheriff shall publish for one month in such newspapers of the county, one or more, as he may judge best for giving the defendant notice. * * *"

The first publication of the alias summons in this case was made on the 4th day of October, and the present term of court, it being the second term after issuing the original writ, began on the 3rd day of November. The question is, was the alias summons published for one month as required by the statute? It is not a matter of days, but the meaning of "one month" which is to be considered.

[2] *Section* 1 of the *Code* relative to rules to be observed in the construction of statutes, provides:

"The word 'month' shall be construed to mean a calendar month, unless otherwise expressed. * * *"

So that "one monthy," in the Divorce Act means a calendar and not a lunar month. A calendar month means a month as

designated in the calendar, without regard to the number of days it may contain.

As applied to the publication made in this case, "one month" means a month ending on the day in the next succeeding month corresponding to the day in the preceding month on which the first publication was made. Nothing less meets the computation by a calendar month, unless it be that the succeeding month has not so many days as the day on which the publication was made, in the preceding month, then the rule appears to be that the month expires on the last day of the succeeding month. Subject to this exception, computation by calendar month excludes one day. Both days are never included. *Daley v. Anderson,* 7 *Wyo.* 1, 48 *Pac.* 839, 75 *Am. St. Rep.* 870; 38 *Cyc.* 312, IV.

The petition is dismissed, without prejudice.