TABITHA B. POTTER *v*. PURNELL P. POTTER.

*(October 27, 1938.)*

LAYTON, C. J., HARRINGTON, RICHARDS, RODNEY and SPEAKMAN, J. J., sitting.

*Tunnell and Tunnell* for petitioner.

Court in Banc for Kent County. Case certified by the Superior Court for Kent County.

Petition for divorce *a vinculo matrimonii,* No. 23, April Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

The *Divorce Act*, substantially as it now exists, was approved March 29, 1907 (*Ch.* 221, *Vol.* 24, *Delaware Laws; Ch.* 86, *Rev. Code* 1935, § 3497 *et seq.*). *Morris v. Morris, supra,* was decided in 1912, and the construction given to the section of the statute now under consideration has been consistently followed. In that case, as here, the original writ of summons was returned *"non est inventus"*, and an alias writ to the next succeeding term was served personally, but no publication was made. The Superior Court held that the statute contemplated certainty of notice and the avoidance of collusion, and to those ends it had prescribed the character of the process and the method of its service; and that it was against the policy of the act to allow service of any kind to be substituted for service of the one kind directed by the act, even though the service attempted was, in truth, superior to the one required.

The Court, manifestly, construed the language of *Section* 3506, "when the defendant cannot be served personally within this State," as referable only to the original writ of summons; and it held publication of the alias writ to be compulsory, notwithstanding that, in the particular case, personal service of the writ was, in fact, accomplished.

The petitioner contends that a different construction of the Section is not only permitted, but necessitated; permitted, because the words, "shall publish" were intended

to be mandatory only "when the defendant cannot be served personally within this State" whether with the original or the alias writ; and necessitated, for the reason that as modern proceedings in divorce have come to be regarded more as proceedings in personam, and as the right to resort to constructive service in personal actions proceeding according to the course of the common law is limited to cases where personal service cannot be made either because the defendant is a non-resident, has absconded, or has concealed himself to avoid service, a statute which provides for a constructive or substituted service where the defendant can be served personally within the State would be deemed to be unconstitutional and void. Therefore, it is argued, the statute must be construed as permitting personal service of the alias writ if that can be done.

██ Construction of a statute means only the ascertainment of the true intent and purpose of the legislature, discoverable primarily from the language employed. The rules and maxims are adopted and applied to that end, and they are useful in case of doubt and for the removal, not the creation of doubt. Hence, the rule is well established that, where the language of the statute is plain and its meaning clear, there is no occasion for construction. *State ex rel. Green v. Foote*, 5 *W. W. Harr.* (35 *Del.*) 514, 168 *A.* 245; *Van Winkle v. State*, 4 *Boyce* 578, 91 *A.* 385, *Ann. Cas.* 1916*D*, 104.

The authority of the Superior Court to hear and determine causes for divorce without intervention of a jury is found in *Section* 3503 of the *Code*. That section provides for the filing of a petition, the issuance of a summons for the defendant's appearance and proof of the service more than twenty days before the return day of the writ, or proof of substituted service by publication as provided by *Section* 3506. The language of the latter section is, "when the defendant cannot be served personally within this State * * *

an alias summons shall issue to the second term * * * which the sheriff shall publish * * *". He must make publication of the alias writ, and proof of such publication is commanded. There is no duty cast upon the Sheriff to make personal service of the alias writ, and consequently, he incurs no liability if he makes no attempt thereat. There is no provision made for the return of the writ, and no direction for proof of personal service as in the case of the original writ. The issuance and publication of the alias writ are tied together; are predicated upon the return of the original writ showing that personal service on the defendant within the State could not be effected. The statute points out expressly what the Sheriff shall do when an alias writ comes into his hands, and, by the strongest inference, gives him no authority to do anything else. Had the legislature intended to impose upon the Sheriff the duty to make, or to attempt to make, personal service of the alias writ, it would not have been difficult to express clearly that intention; and, no doubt, the Sheriff would have been required formally to show his inability to make personal service of the writ before proceeding to make the substituted service by publication. A jurisdictional requirement of such importance would not have been left to mere inference. The Court cannot indulge in conjecture as to probable or possible qualifications which may have been in the legislative mind where the language employed is without ambiguity and the meaning clear.

It is argued that a divorce proceeding has grown to include a judgment against the defendant for costs and counsel fees, and sometimes a money judgment for alimony, and in these respects is one in *personam;* and, furthermore, as the statute (*Section* 3505, *Rev. Code* 1935) expressly applies to divorce, absolutely or from bed and board, and as a divorce *a mensa et thoro* is not a proceeding in *rem, Pettis v. Pettis,* 91 *Conn.* 608, 101 *A.* 13, 4 *A. L. R.* 852, the

law relative to process in actions in *personam* applies in this State; and hence it follows that the statute must be construed as providing for personal service of the alias writ.

The argument rests upon an unsound premise. An action for divorce is a special statutory action, in which the jurisdiction depends upon the statute. In so far as it affects the marital status of the parties, it is generally deemed to be an action in *rem*, or *quasi in rem*. 9 *R. C. L.* 247; 19 *C. J.* 22; *Rigney v. Rigney*, 127 *N. Y.* 408, 28 *N. E.* 405, 24 *Am. St. Rep.* 462. See *Harding v. Harding*, 198 *U. S.* 317, 25 *S. Ct.* 679, 49 *L. Ed.* 1066. The action has been held to be one in *rem* with respect to the custody of minor children within the jurisdiction of the Court, *Estate of Newman*, 75 *Cal.* 213, 16 *P.* 887, 889, 7 *Am. St. Rep.* 146; and with respect to property of the defendant husband within the territorial jurisdiction of the Court specifically proceeded against and described in the petition for divorce and alimony. See discussion in *Hood v. Hood*, 130 *Ga.* 610, 61 *S. E.* 471, 19 *L. R. A.* (*N. S.*) 193, 14 *Ann. Cas.* 359, and cases there cited. It has been said that the proceeding is one in *personam* in all matters except so far as the marital status is affected. 19 *C. J.* 23. But, the proceeding here was for an absolute divorce. We are not concerned with the extra-territorial effect of a judgment for alimony or costs based upon a constructive service. The argument amounts to this: that inasmuch as a judgment in a divorce proceeding may assume, with respect to matters incidental, the aspect of a judgment in *personam*, the statute directing the issuance and publication of an alias writ, after a return of *non est inventus* to the original writ, is unconstitutional unless provision is made for service of the alias writ, and, therefore, the Court is bound to construe the statute as allowing personal service of the alias writ, which, if made, is sufficient to confer jurisdiction.

The statute authorizing a substituted service by publication is based upon the theory that the action, in so far as the status of the parties is concerned, is a proceeding in the nature of a proceeding in rem, and that where it is impracticable to effect personal service of the original writ of summons, whether because the defendant has become a non-resident in fact, or is out of the State with no intention of returning presently, or is evading service of process, some reasonable method of substituted service is necessary. There must be some point at which the defendant must be regarded as being beyond the reach of process in the more usual way, and the legislature has decreed that the fact has been conclusively established by the return of the Sheriff of the original writ showing that he has been unable to serve it personally within the State. The fact having been established, a provision affording a reasonable probability of actual notice of the pendency of the action by publication of the alias writ is an orderly and logical process, the efficacy of which is not to be defeated by the mere possibility that the defendant might be served personally with the alias writ. If the petitioner's argument is sound it must apply as well to pluries and other successive writs, and there never would be a point at which resort to a substituted service by publication of an alias or successive writ could be had except upon a showing of attempted service of the writ of which publication is to be made. The argument goes too far. The guaranty of due process of law does not necessarily require personal service of notice on parties either resident or non-resident. 21 *R. C. L.* 1282. The legislature may provide for a substituted service in cases of necessity, or where personal notice is, for any reason, impracticable, where the action is not one in *personam,* and the service is not the basis of a personal judgment. No doubt, statutes which assume to authorize service of process by publication on resident defendants when personal service is practicable, are

unconstitutional and void, 50 *C. J.* 500; but the statute under consideration is not of that type; and the fact that the defendant here was found within the State at or after the issuance of the alias writ, and was served personally with the writ, does not constitute proof that he was, at the time of the issuance of the original writ a resident of the State, or that it was practicable to have served him personally. It does not appear that the defendant had a known residence in the State, and was only temporarily absent. See *Spinney v. Spinney,* 87 *Me.* 484, 32 *A.* 1019. The return of the Sheriff to the original writ is not attacked, and it must be accepted as establishing the impracticability of personal service of that writ within the State. Due process of law, as applied to proceedings resulting in judgment, means notice directed by the statute itself, and not a voluntary or gratuitous notice resting in favor or discretion. *Spoturno v. Woods,* 8 *W. W. Harr.* (38 *Del.*) 378, 192 *A.* 689. All exceptional methods of obtaining jurisdiction over persons not found within the State must be confined to the cases, and exercised in the way indicated by the statute; and such statutes are strictly construed. *Felstead v. Eastern Shore Express Inc.,* 5 *W. W. Harr.* (35 *Del.*) 171, 160 *A.* 910; *Syracuse Trust Co. v. Keller,* 5 *W. W. Harr.* (35 *Del.*) 304, 165 *A.* 327; *Webb Packing Co. v. Harmon,* 8 *W. W. Harr.* (38 *Del.*) 476, 196 *A.* 158.

In the *Morris Case* the Court laid stress upon certainty of notice and avoidance of collusion as flowing from the substituted service of process, and at the same time it spoke of personal service as being superior to the service required by the statute. It may be difficult to understand how publication of, as opposed to personal service of, the writ, tends to certainty of notice. It is less difficult to understand that the compulsory publication of the alias writ does have a certain tendency to avoid collusion between the parties. But it must be remembered that the Court was considering the

method of service in its broad aspect and not as regards possible or particular cases, and however subject to facile criticism the court's reasoning in general may be, its conclusion was based upon a proper appreciation of the language of the statute, and the principles of law governing exceptional methods of service of process.

It was within the authority of the legislature to provide for a reasonable method of substituted service of process following a demonstration of inability to make personal service of the original writ within the State. The plain meaning of the language of the statute must be given effect. It is for the legislature, not the Court to effect a change if one is deemed to be necessary. No publication of the alias writ having been made in accordance with the statutory command, the Court did not acquire jurisdiction, and it refused properly to hear the cause.

It is ordered that this opinion be certified to the Superior Court for Kent County.