THELMA ELOUSE WARREN v. WALTER GEORGE WARREN.

(*June* 10, 1946.)

CAREY, J., sitting.

*Ernest V. Keith* for petitioner.

(The Respondent was not represented but appeared personally).

Superior Court for Kent County, April Term, 1946.

CAREY, J.:

This Court has consistently held that the provisions of the statute concerning divorce or annulment, including the character of the process prescribed and the methods of service should be strictly construed and rigidly enforced for the reason that they are matters essential to jurisdiction. *Griffith v. Griffith*, 1 *W. W. Harr.* 1, 108 *A.* 209; *Morris v. Morris*, 2 *Boyce* 583, 83 *A.* 934; *Potter v. Potter*, 9 *W. W. Harr.* 487, 2 *A.* 2d 93. The Court has no authority to hear and determine such a case in the absence of literal compliance with the statute. These rules seem to be universally applied in this country. 17 Am. Jur. 296-299. It has also been held in Delaware that compliance with the statutory requirement of service cannot be waived by a defendant by appearing either in person or by Attorney. *Wood v. Wood*, 1 *Boyce* 71, 74 *A.* 376.

I consider that the instant case should be determined according to the line of reasoning adopted by the Court in Banc in *Potter v. Potter, supra,* wherein the Court approved the previous ruling of *Morris v. Morris*, 4 *Boyce* 431, 89 *A.* 54. The Potter case came before the Court in Banc prior to the amendment of paragraph 3506. At that time, that section of the Code contained no provision for personal service of the alias writ and the issue was whether or not personal service thereof was a sufficient compliance with the existing statute. The Court pointed out that the qualifying clause—"when the defendant cannot be served personally within this State"—applied to the whole section which deals with alias writs and said [9 *W. W. Harr.* 487, 2 *A.* 2d 95]: "The issuance and publication of the alias writ are tied together; are predicated upon the return of the original writ showing that personal service on the defendant within the State could not be effected." It was held that, under the literal wording of the statute, personal service of the alias

writ was ineffective and that, in order to give the Court jurisdiction under this section, there had to be publication for at least one month prior to the return day.

Shortly after the decision in the Potter case, paragraph 3506 was amended to read as set forth in the statement of facts above. It will be noticed that the only change in the paragraph has to do with the service of the alias writ. The obvious intent of the Legislature was to provide a method for personal service of the alias, if the defendant could then be found in the State. It is significant that the introductory conditional clause of this paragraph was not changed in spite of the Court's statement that the "issuance * * * of the alias writ * * * (is) predicated upon the return of the original writ showing that personal service on the defendant within the State could not be effected." I must assume that the Legislature was aware of the Court's opinion in the Potter case and that its failure to change this part of the statute was deliberate.

In view of the Potter decision, it must be held that the introductory clause qualifies the whole of paragraph 3506 and that compliance therewith is a condition precedent to the issuance of an alias writ. In other words, the alias cannot be issued where there has been personal service of the original writ; in the case where the personal service of the original writ does not meet the requirements of paragraph 3503, apparently the only allowable procedure under the statute is the filing of a new action.

It has been suggested that the original return in this case, showing personal service less than twenty days prior to the return date, is really equivalent to a return of non est inventus, upon which an alias may be issued. However, the return actually made shows personal service and no application has been made for an amendment thereof.

I do not say that an amendment would have been allowed, if requested; I merely say that the case must be decided according to the factual situation before the Court.

While there may be no sound practical reason for a distinction between the case in which there is no personal service and the case in which there is defective personal service, the Court cannot alter the statute. To do so would be to create a jurisdiction which does not exist. The change is one for legislative consideration.

The appearance of the defendant does not cure a jurisdictional defect (Wood v. Wood, supra), and therefore has no significance in this case.

For the reasons above set forth, the Court is without jurisdiction to hear and determine this matter and the petition will therefore be dismissed without prejudice, with costs upon the petitioner.