SAINT STANISLAUS KOSTKA CHURCH, WILMINGTON, DELAWARE, a religious corporation organized February 3, 1913, pursuant to the provisions of Vol. 19, *Laws of Delaware*, Chapter 599 (Title 27) Ch. 1, Sec. 113, *Delaware Code of* 1953, Plaintiff, v. THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, Defendant.

(*May* 25, 1954.)

HERRMANN, J., sitting.

*Stewart Lynch* and *Alfred R. Fraczkowski* for the plaintiff.

*William F. Lynch, II,* Assistant City Solicitor, for the defendant.

Superior Court for New Castle County, No. 798, Civil Action, 1953.

HERRMANN, J.:

The plaintiff seeks a determination of the validity of city and school tax assessments made by the defendant against a rectory building owned and used by the plaintiff.

The plaintiff is one of fourteen parish churches in the Roman Catholic Diocese of Wilmington. It was duly incorporated under the laws of this State and it owns a parcel of land in Wilmington bounded by East Seventh and Eighth Streets and by

North Locust and Buttonwood Streets. On this tract of land, the plaintiff has erected a church, a parochial school, a convent for the nuns who teach at the school and a rectory.

The plaintiff uses the rectory building to house its administrative offices. The rectory is also used for religious instruction and for the administration and performance of certain Sacraments of the Church such as Baptism, Confession and Matrimony. The building contains offices for the Pastor and his Assistants and a meeting room used as a consultation room for the Pastor and as a meeting place for the Trustees of the plaintiff corporation and for parochial societies and organizations. The plaintiff maintains living quarters in the rectory for the Pastor and his Assistants and they live there in obedience to the law and discipline of the Roman Catholic Church. Title to the land and all of the buildings has been vested in the plaintiff corporation since 1921.

All of the plaintiff's property, except the rectory, has been exempted by the defendant from city and school taxes. As to the rectory, however, the defendant has assessed and levied city and school taxes for each year since 1921. Demand for the payment of these taxes has been made each year in the usual way but the plaintiff has declined to make payment on the ground that the rectory building is and has been exempt from assessment under the general tax exemption Statute of the State. During the years and now in this action, the defendant has taken the position that the rectory building is not exempt because it does not fall within the tax exemption provisions of the Charter of the City of Wilmington. An actual controversy thus exists and this appears to be a proper case for a declaratory judgment by this Court. See 10 *Del. C.* § 6501.

The question for decision is this: Is the plaintiff's rectory building exempt from assessment and taxation for Wilmington city and school taxes under the general Statute and/or the City Charter?

The general tax exemption Statute of the State, 9 *Del. C.* § 8103, provides as follows:

"Property belonging to this State, or the United States, or any county of this State, or any church or religious society, and not held by way of investment, or any college or school and used for educational or school purposes, or any corporation created for charitable purposes and not held by way of investment, except as otherwise provided, shall not be liable to taxation and assessment for public purposes by any county or other political subdivision of this State."

This Statute appeared in 1915 *Code* § 1098 and 1935 *Code,* § 1258, as follows:

"All real and personal property, not belonging to this State, or the United States, or any County of this State, or any church or religious society, and not held by way of investment, or any college or school and used for educational or school purposes, or any corporation created for charitable purposes and not held by way of investment, except as otherwise provided, shall be liable to taxation and assessment for public purposes."

The present general tax exemption Statute evolved from a law which has been on our statute books since 1796. It first appeared at 2 *Del. Laws,* p. 1247, as follows:

"That all real and personal property in this state, not belonging to this state, or to the United States, or to any church, county, religious society or parish, or to any college, or to any county school, or to any corporation for charitable uses, shall be valued agreeably to the directions of this act, and shall be chargeable according to such valuation with the public assessment: * * *."

See also 1852 *Code* p. 27; 1852 *Code* (as amended 1893) p. 114; 25 *Del. Laws,* Ch. 36.

Hence, since the early days of our history, it has been the public policy of this State to exempt from taxation any proper-

ty belonging to a church or religious society which is not held for investment.

Apparently, there would be no problem here if it were not for a provision of the Charter of Wilmington, 28 *Del. Laws,* Ch. 121, Sec. 8, which provides as follows:

"All real estate within the said City shall be assessed, except real estate belonging to the United States, the State of Delaware, New Castle County, the City of Wilmington, cemeteries and burying grounds, churches and meeting houses belonging to any religious society and used for public worship, real estate belonging to charitable corporations and not held by way of investment, buildings owned and occupied by fire Companies, and such other real estate which may now, or which may hereafter be exempted by law. * * *"

The defendant points to the above Charter provision and urges that the plaintiff's rectory building is not exempted thereunder because it is not a "church" or "meeting house" which is "used for public worship." The defendant contends that there is inconsistency and conflict between the general Statute and the City Charter and that the provision of the Charter must control.

■■ The two Statutes must be considered and construed together and they must be harmonized if possible. I am of the opinion that the two Statutes are reconcilable. The final clause of the Charter provision, exempting "such other real estate which may now, or which may hereafter be exempted by law", permits reconciliation of the two Statutes for it incorporates into the Charter all exemptions contained in the general Statute. This blanket provision of the Charter clearly indicates that the Legislature did not intend that the municipality should have the power to assess taxes upon any real estate that was exempted under general law.

The Court in Banc considered these two Statutes in *Mayor and Council of City of Wilmington v. Tower Hill School Ass'n,*

1923, 2 *W. W. Harr.* 277, 122 *A.* 442, 445. In that case, the City was attempting to assess and collect taxes upon school property owned by the Tower Hill School Association, contending that the City Charter provision did not exempt such property. As in the instant case, the taxable pointed to the general Statute as the basis for an exemption. The Court there held that the intention of the Legislature could be ascertained from the two Statutes and, therefore, it was not necessary to select the controlling Statute. In holding that the exemption of the general Statute is unlimited and that the Tower Hill School property was exempted thereunder, the Court in Banc stated that the general exemption Statute extends to all taxation whether State, county or municipal. The Court there made the following significant statement:

"The reason for which the exemption was accorded by the state is equally strong in favor of a similar exemption from municipal taxation. The general law fixed the policy of the state in respect to the taxation of school property, and such policy could not be changed or departed from except by general law."

The foregoing statement was made regarding taxation of school property. It is, in my opinion, equally cogent as to taxes upon property owned by churches and religious societies.

The defendant contends that the *Tower Hill* case is not apposite here because, while the Charter provision is silent as to school exemptions, it contains specification as to church exemptions and, therefore, no additional church exemptions may be read into the Charter by reference or by implication. Pursuing this argument, the defendant contends that the chronology of the two Statutes shows that the City Charter provision is the latest expression of legislative intent and, therefore, it must prevail over the general Statute.

I find this contention to be unacceptable. In my opinion, the *Tower Hill* case is not distinguishable because of the silence of the Charter as to school exemptions. Implicit in the Tower Hill

decision is the conclusion that, because of the final blanket exemption, the Charter provision is not silent as to any exemption contained in the general Statute.

As to the chronology argument, the defendant overlooks the fact that the Charter provision was last considered by the Legislature in 1915, whereas the general Statute was before the Legislature in 1935 and again in 1953 when the *Codes* of those years were adopted.

The principle of the *Tower Hill* case was further developed by this Court in *City of Wilmington v. Wilmington Monthly Meeting of Friends, etc.*, 1926, 3 *W. W. Harr.* 180, 133 *A.* 88, 90. Although the property in that case was situate in the City of Wilmington, the Court did not concern itself with the City Charter. The property known as the Friends School was declared to be exempt from city taxes by virtue of the general Statute. The Court there held that it did not matter whether the Friends School was considered to be property belonging to a religious society or to a school; that, in either case, the property was exempt from city taxes under the general Statute if the property was " 'not held by way of investment' ".

If there were any lingering doubt regarding the legislative intent as expressed in the two Statutes, that doubt must be disspelled, I think, by the realization that it could not have been the legislative intent that property of the same class owned by churches or religious societies should be taxed in some municipalities of Delaware but not in others. Compare *Rettew v. St. Patrick's Church*, 4 *Penn.* 593, 58 *A.* 828.

The *Tower Hill* decision, with all of its implications, is now more than thirty years old. It is to be assumed that the Legislature has been aware of the general significance of that decision and that the failure of the Legislature to modify either of the two tax exemption Statutes has been deliberate. See *Warren v. Warren*, 4 *Terry* 399, 47 *A.* 2d 795; 50 *Am. Jur.* "Statutes" §326.

It is conceded by the defendant that the plaintiff is a "church or religious society," that the rectory building "belongs" to the plaintiff, and that the property is "not held by way of investment". Thus, the plaintiff's rectory building clearly falls within the exemption created by the general Statute and, therefore, the conclusion is impelled that the plaintiff's rectory building is and has been exempt from assessment and taxation for city and school taxes since 1921.

It will be adjudged and decreed that the tax assessments heretofore made by the defendant on the plaintiff's rectory building are void and of no effect and that there are no city or school taxes due on the said building.