**Wife L., Plaintiff Below, Appellant,**

**v.**

**Husband L., Defendant Below, Appellee.**

Supreme Court of Delaware.

March 28, 1973.

Joseph M. Bernstein, of Community Legal Aid Society, Inc., Wilmington, for appellant.

John T. Gallagher, amicus curiae, and James F. Waehler, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is a certification of questions of law pursuant to Rule 20, Del.C.Ann.

The plaintiff seeks a divorce. Her husband currently resides in Puerto Rico and has not been personally served, but he has acknowledged receipt of notice of the pendency of the action by registered mail.

Plaintiff is indigent and cannot afford to pay the newspaper costs of substituted service by publication (in this case, $26.40) required by 13 Del.C. §§ 1526, 1527.*

The following questions of law were certified to us:

1. Do the requirements of 13 Del.C. Section 1525 and 13 Del.C. Section 1526 insofar as they operate to deny the jurisdiction of the Superior Court in an action for divorce unless the Defendant is served personally or there is publication, violate the Fourteenth Amendment to the United States Constitution where the Defendant cannot be personally served and the Plaintiff, solely because of her inability to pay, cannot pay the costs of publication?

2. Does the Fourteenth Amendment to the United States Constitution require service by publication pursuant to 13 Del.C. Section 1525 and 13 Del. C. Section 1526 in a case where a non-resident Defendant has actual notice of the pendency of the action and his right to be heard thereon, and the Plaintiff is unable to pay the costs of publication?

We note initially that the service by publication required by 13 Del.C. § 1526 is jurisdictional, and that failure to comply with the literal requirement of the statute defeats the acquisition of jurisdiction by the Superior Court. Morris v. Morris, Del.Super., 2 Boyce 583, 83 A. 934 (1912) and Potter v. Potter, Del.Ct.Banc, 9 W.W. Harr. 487, 2 A.2d 93 (1938). Consequently, if 13 Del.C. §§ 1525, 1526 are constitutional, the Superior Court is without jurisdiction to hear this case since, admittedly, the statutory requirements have not been met.

Plaintiff relies upon Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) in which the United States Su-

---

\* Subsequent to the filing of this action, these sections were replaced by 13 Del.C. § 1512, 58 Del.Laws, Ch. 349 which, however, the parties agree does not change the substance.

**622**

preme Court held invalid a state requirement that court filing fees be paid prior to the commencement of divorce proceedings by an indigent plaintiff who could not pay such fees. The result required the State of Connecticut to waive the filing fee.

We think that *Boddie*, however, does not go so far as to require the payment by the State of the cost of publication to a private organization unconnected with the State government. Indeed, *Boddie*, itself, suggests that it was intended to be given narrow scope. In the Majority Opinion, Mr. Justice Harlan, 91 S.Ct. at 788, wrote:

> "[W]e wish to re-emphasize that we go no further than necessary to dispose of the case before us. . . . We do not decide that access for all individuals to the courts is a right that is in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual, for, as we have already noted, in the case before us this right is the exclusive precondition to the adjustment of a fundamental human relationship."

We are in agreement with the decision of the Utah Supreme Court in Lloyd v. Third Judicial District Court, 27 Utah 2d 322, 495 P.2d 1262 (1972), that *Boddie* does not require the actual expenditure of State funds on behalf of an indigent plaintiff.

By reason of the foregoing, our answer to the first question certified is in the negative. Our answer to the first question makes it unnecessary for us to consider the second question certified.

We take this opportunity to suggest a legislative review of the archaic practice of service by publication. Notice has always been fundamental to the concept of due process, and publication has been the traditional method of supplying legal notice to divorce defendants residing outside the State. We have, however, serious doubts concerning the effectiveness of this method. As the United States Supreme Court has stated, "service by publication

. . . is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings." *Boddie*, 91 S.Ct. at 788.