**In re the Marriage of E. A. S., Petitioner,**

v.

**E. J. S., Respondent.**

Family Court of Delaware, New Castle County.

Submitted Dec. 28, 1979.

Decided Feb. 8, 1980.

Arlen B. Mekler, Wilmington, for petitioner.

Frederick Knecht, Jr., Wilmington, for respondent.

1.  13 Del.C. § 1508(d)(1) states that:
    When service is to be made upon respondent by mailing and publication, the clerk of the Family Court shall:
    (1) Send a copy of the summons, petition and any affidavit to respondent by registered or certified mail, return receipt requested, *to the address that petitioner had averred it is most* likely that mail will be received by respondent. (emphasis added)

## OPINION

POPPITI, Judge:

This matter is before the Court on respondent's motion to vacate the divorce decree entered (between the parties) by a Master of this Court on November 1, 1979, and thereby afford to the respondent an opportunity to move, answer, or otherwise plead to the petition for divorce. A hearing was held on December 28, 1979 followed by supplementary evidence and comments filed by Mr. Mekler on January 8, 1980 and Mr. Berkowitz on January 21, 1980. This is the Court's decision on respondent's motion.

The petitioner-husband (hereinafter the petitioner) filed a petition for divorce in this Court on September 19, 1979, wherein he alleged that the respondent-wife (hereinafter the respondent) ". . . was last known to reside at 3360 Chichester Avenue, Apartment F–1, Willowbrook Apartments, Boothwyn, Pennsylvania." He also alleged that the respondent most likely would receive mail at that address[1], but further alleged that it was unlikely that jurisdiction could be acquired over the respondent by personal service or mail. By praecipe dated September 19, 1979, counsel for the petitioner requested that ". . . certified or registered mail . . ." be sent to the respondent ". . . at the address specified in the petition . . ." and, further, that published notice be accomplished pursuant to 13 *Del.C.* § 1508. Publication was accomplished in the *Evening Journal* on September 25, 1979. A copy of the summons and petition was mailed to the respondent at the 3360 Chichester Avenue address certified mail, return receipt requested, on September 21, 1979. Post Office markings on the returned envelope reflect that after two notices, the envelope was returned to the Clerk of the Court on October 11, 1979,

"unclaimed." On November 1, 1979, the petitioner having presented sufficient evidence on all of the elements required by 13 Del.C. § 1505, Master D. Thomas Reardon entered a Final Decree of Divorce between the parties[2]. On November 28, 1979, counsel for the petitioner acknowledged service of a copy of the instant notice and motion to vacate the November 1, 1979 divorce decree.

On November 30, 1979, the petitioner remarried a third party—29 days after the entry of the divorce decree and two days after respondent's motion to vacate was filed. Petitioner's remarriage occurred, therefore, after he had received constructive notice of the respondent's instant motion[3] and before the time for appeal had run[4].

In determining the ultimate question as to whether the November 1, 1979 divorce decree should be set aside, two questions must be addressed by the Court:

1. Did the petitioner know or should he have known that it was not most likely that mail would be received by the respondent at the 3360 Chichester Avenue address, since he knew or should have known that she no longer lived at that address?

2. Even if the petitioner did not know or should not have known it was not most likely that mail would be received by the respondent at the 3360 Chichester Avenue address, should the policy that actions be determined upon their merits pursuant to 10 Del.C. § 925 as well as Family Court Rule 280 and analogous to Superior Court

Rule 60 be followed in the case at bar? See *Husband G. v. Wife G., supra*, at 5.

■ The Court, after considering all the admissible evidence, is convinced that the respondent has met her burden and proven by a preponderance of the evidence that the petitioner knew or should have known that it was not most likely that she would receive mail directed to the 3360 Chichester address. In this regard, the evidence reflects that the parties were married to each other on December 19, 1969, in Aston, Pennsylvania, and were separated sometime in November of 1978. One minor child was born of this marriage, R. E. S., born 9/19/72. When the parties separated, the petitioner first moved into his mother's residence at 1001 Clements Avenue, Boothwyn, Pennsylvania, while the respondent remained for the time in the marital residence in Secane, Pennsylvania. On January 10, 1979, the petitioner commenced an action for divorce *a vincalo matrimonii* against the respondent in the Court of Common Pleas of Delaware County, Pennsylvania (hereinafter the Pennsylvania action). In the same month, the petitioner moved to his present residence at 751 Montclair Drive, Apartment 5, Claymont, Delaware.

Between January 10, 1979, when the Pennsylvania action was commenced, and September 18, 1979[5], when the action was ordered "discontinued and ended" pursuant to a motion filed in behalf of the petitioner, the respondent had hired W. Donald Sparks, Esquire, a member of the Pennsylvania bar,

---

2. Assuming that all of the literal requirements of 13 Del.C. § 1508 have been met, Family Court has consistently held that service by publication and mailing is adequate when the registered letter is returned unclaimed. Where, therefore, all of the *literal* requirements of 13 Del.C. § 1508 have been met, this Court has jurisdiction to hear a petition for divorce. See *Husband G. v. Wife G.*, Del.Fam.Ct., No. 1573–1976 (12–13–76), Horgan, J.

3. Service to an attorney of record incident to a divorce proceeding constitutes sufficient notice to his client. See generally 7 *Am.Jur. Attorneys At Law* § 107 et seq. and § 119. See also *Southern Production Co. v. Sabath*, Del.Supr., 87 A.2d 128 (1952) at 132.

4. 13 Del.C. § 1523 provides that:

No appeal from an interim or final decree, judgment or order entered pursuant to this chapter shall be received or entered unless the praecipe, notice of appeal or other document or documents required for the appeal is or are duly filed with the proper Appellate Court within 30 days after the date of same.

5. The Court finds it noteworthy as well as a reflection on the petitioner's credibility that, although he identified the Pennsylvania action at paragraph 9 of his petition, he alleges that the action was withdrawn in July of 1979 and not September 18, 1979, one day before the Delaware petition was filed.

to contest the Pennsylvania action. A copy of the docket sheet in the Pennsylvania action, which is part of this Court's record, reflects that respondent through her attorney took the following adversary positions as she proceeded to contest the Pennsylvania action:

1. January 10, 1979—notice to defend filed.

2. January 24, 1979—warrant of attorney: *eo die*—Praecipe and Rule for Bill of Particulars.

3. January 25, 1979—Petition for alimony pendente lite, counsel fees and expenses.

4. Contest of Petition to Reduce Support Order—filed in April, 1979.

5. Participation in May 31, 1979 hearing on Petition to Reduce Support Order[6].

6. Participation in wage attachment proceeding in June of 1979.

From the time when the parties separated to September 18, 1979, when the petition was filed with the Court, the respondent lived at the following addresses:

1. 2816 Quaint Street, Secane, Delaware County, Pennsylvania (being the parties' marital residence before separation) to approximately May 3, 1979.

2. 3005 Naaman's Creek Road, Boothwyn, Pennsylvania—to approximately June 1, 1979.

3. 3360 Chichester Avenue, Apartment F–1, Boothwyn, Pennsylvania, to approximately July 20, 1979.

4. 2920–A Chichester Avenue, Drexel Court Apartments, Boothwyn, Pennsylvania—to present.

Testimony reflects that the respondent notified the Delaware County Pennsylvania Court of her move to the 2920–A Chichester Avenue address on July 20, 1979. Evidence also reflects that the respondent told the petitioner's mother, with whom he had contact, of her move to the 2920–A Chichester address. Additionally, the parties's minor child cut petitioner's mother's lawn every two weeks throughout the summer and on occasion dropped off doctor bills incurred by the respondent for his benefit. The doctor bills were contained in envelopes bearing the 2920–A Chichester address. Further, the petitioner's stepdaughter, age 13, testified that on at least four or five occasions she, along with her brother and the respondent, made the trip to Wilmington to deliver doctor bills to the petitioner. On one occasion which occurred prior to the November 1, 1979 hearing if not before the September 18, 1979 filing date, she handed an envelope containing a doctor bill to the petitioner while he stood in front of his apartment door. Miss H. testified that she recalls seeing the "2920 Drexel Court Apartment" address on that envelope. Miss H. further testified that on other occasions she would slip envelopes similarly addressed containing doctor bills under the door to the petitioner's apartment.

The petitioner denies ever discussing with his mother the respondent's change of address and he also denies receiving bills from his mother which had the 2920 Chichester address on either the bill or on the envelope. Although he admits receiving bills at his apartment, he testified that he tore at least one of them up without reading either the envelope or the bill and further testified that the addresses on other envelopes which he did receive were scratched out.

Having had the opportunity to observe the demeanor of the witnesses that testified and considering all admissible evidence, the Court is convinced that the petitioner knew or should have known that it was not most likely that the respondent would receive mail directed to the address of 3360 Chichester Avenue, Apartment F–1, Boothwyn, Pennsylvania.

Since the petitioner failed to comply with the literal requirements of 13 *Del.C.* § 1508,

---

**6.** Again the Court finds it noteworthy as well as a reflection on the petitioner's credibility that petitioner's Petition to Reduce Support filed in April of 1979 asserts that he is a resident of Delaware County, Pennsylvania. His assertion comes some 3 months after his alleged move to the 751 Montclair Drive, Apartment 5, Claymont, Delaware address in January of 1979.

this Court did not properly acquire jurisdiction over the respondent and was therefore without jurisdiction to enter a decree of divorce. See *Potter v. Potter*, Del.Supr., 2 A.2d 93 (1939) and *L. v. L.*, Del.Supr., 305 A.2d 620 (1973).

 Turning to a consideration of the second question, even if the Court had decided the first inquiry in the negative, the Court is convinced that respondent must be given her day in Court to move, answer or otherwise plead to the petition for divorce.

In the instant case, if the decree is not set aside, the wife-respondent will lose all claims to her marital status as well as ancillary rights which flow therefrom without having the opportunity for her day in Court, to be heard on the merits.

While the petitioner has substantially changed his position subsequent to the November 1, 1979 decree by virtue of his having remarried a third party, his election so to do subsequent to constructive notice of the instant motion and prior to the thirty-day appeal time was made at his own risk. To allow the divorce decree to remain effective would result in a gross and bitter injustice. See *Husband G. v. Wife G., supra; Husband L. v. Wife L.*, Del.Fam.Ct., No. 1409–76 (12–17–76) Thompson, J.; and *S. E. v. B. E.*, Del.Fam.Ct., No. 303–77 (5–31–78) Warder, J.

IT IS ORDERED:

The decree of divorce is hereby vacated *nunc pro tunc* and the respondent is hereby granted twenty days from this date to move, answer or otherwise plead to the petition filed on September 18, 1979.